# United States District Court
for the
# Southern District of New York
## Related Case Statement

### Full Caption of Later Filed Case:

Metropolitan Transportation Authority and Triborough Bridge and Tunnel Authority

**Plaintiff**

vs.

SEAN DUFFY, in his official capacity as Secretary of the United States Department of Transportation, UNITED STATES DEPARTMENT OF TRANSPORTATION, GLORIA M. SHEPHERD, in her official capacity as the Executive Director of the Federal Highway Administration, and FEDERAL HIGHWAY ADMINISTRATION

**Defendant**

**Case Number**

1:25-cv-01413

### Full Caption of Earlier Filed Case:

(including in bankruptcy appeals the relevant adversary proceeding)

Elizabeth Chan, et al.; Michael Mulgrew, et al.; Trucking Association of New York; New Yorkers Against Congestion Pricing Tax, et al.

**Plaintiff**

vs.

United States Department of Transportation, et al.; United States Department of Transportation, et al.; Metropolitan Transportation Authority, et al.; United States Department of Transportation, et al.

**Defendant**

**Case Number**

23-cv-10365; 24-cv-1644; 24-cv-04111; 24-cv-00367

Status of Earlier Filed Case:

☐ Closed — (If so, set forth the procedure which resulted in closure, e.g., voluntary dismissal, settlement, court decision. Also, state whether there is an appeal pending.)

✓ Open — (If so, set forth procedural status and summarize any court rulings.)

Pending before Judge Liman are Motions to Dismiss on Plaintiffs' Constitutional claims and Cross Motions for Summary Judgment on Plaintiffs' National Environmental Protection Act and New York State Administrative Procedure Act claims. On December 23, 2024, Judge Liman denied Plaintiffs' Motions for Preliminary Injunctions.

Explain in detail the reasons for your position that the newly filed case is related to the earlier filed case.

Judge Liman currently has before him four cases that have all been deemed related because they concern the legality of New York's Central Business District ("CBD") Tolling Program ("Program"), also known as Congestion Pricing. Chan v. U.S. Dep't of Transp., No. 23 Civ. 10365 (S.D.N.Y.) ("Chan"); Mulgrew v. U.S. Dep't of Transp., No. 24 Civ. 1644 (S.D.N.Y.) ("Mulgrew"); New Yorkers Against Congestion Pricing Tax v. U.S. Dep't of Transp., No. 24 Civ. 367 (S.D.N.Y.) ("New Yorkers"); Trucking Ass'n of N.Y. v. Metro. Transp. Auth., No. 24 Civ. 4111 (S.D.N.Y.) ("TANY").

The newly filed case concerns the Trump Administration's unlawful efforts to terminate Congestion Pricing, and there are overlapping questions of law and fact between this action and the four still pending. At the outset, Judge Liman is very familiar with the legal history and implementation of Congestion Pricing. For claims brought in Chan, Mulgrew, and TANY, Judge Liman necessarily reviewed and detailed the history of the interconnected federal statutes, the Intermodal Surface Transportation Efficiency Act and the Value Pricing Pilot Program ("VPPP"), and the relevant underlying facts of the Federal Highway Authority's agreement with Plaintiffs under the VPPP. These same statutes and facts are at the heart of this action. Compare Chan v. United States Dep't of Transportation, No. 23-CV-10365 (LJL), 2024 WL 5199945, at **4-5,15-17 (S.D.N.Y. Dec. 23, 2024) with Complaint (ECF 1), Paragraphs 38-47.

Judge Liman also has already analyzed the Program under the right to travel doctrine and the dormant commerce clause, where plaintiffs made arguments similar to those made by Defendants here – namely, that the Program is somehow improper because the toll rate was set to raise revenue for improving the region's transit infrastructure as well as to decrease congestion. Compare Chan v. United States Dep't of Transportation, 2024 WL 5199945, at **17, 23-25 with Complaint (ECF 1), Paragraph 17.

Signature: /s/ Roberta A. Kaplan     Date: February 19, 2025

Firm: Kaplan Martin LLP