

1133 Avenue of the Americas<br>
Suite 1500<br>
New York, New York 10036<br><br>
(212) 316-9500<br>
rkaplan@kaplanmartin.com

March 18, 2025

**VIA ECF**

The Honorable Lewis J. Liman
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

   Re: *Mulgrew, et al. v. U.S. Dep't of Transp., et al.*, No. 24 Civ. 1644 (LJL) ("*Mulgrew*"); *New Yorkers Against Congestion Pricing Tax, et al. v. U.S. Dep't of Transp., et al.*, No. 24 Civ. 367 (LJL) ("*New Yorkers*"); *Chan, et al. v. U.S. Dep't of Transp., et al.*, No. 23 Civ. 10365 (LJL) ("*Chan*"); *Trucking Ass'n of N.Y. v. Metro. Transp. Auth., et al.*, No. 24 Civ. 4111 (LJL) ("*TANY*"); *Metro. Transp. Auth., et al. v. Duffy, et al.*, No. 25 Civ. 1413 (LJL) ("*Duffy*"); *Blumencranz v. Hochul, et al.*, No. 25 Civ. 1787 (LJL) ("*Blumencranz*")

Dear Judge Liman:

  We write on behalf of the Metropolitan Transportation Authority ("MTA") and the Triborough Bridge and Tunnel Authority (together with MTA, the "MTA Defendants") in connection with the six above-referenced actions (the "Actions"), all of which have been assigned to Your Honor and which raise various overlapping issues concerning the legality of the Central Business District Tolling Program (the "Program"), commonly known as congestion pricing.  As discussed in the recent letters concerning the Federal Defendants' request for a stay in three of the cases (*Chan*, *Mulgrew*, and *New Yorkers*), *Chan*, ECF 171, 172, the MTA Defendants are understandably eager to resolve the pending challenges to the Program as soon as possible, in order to get rid of any "cloud[]" concerning its continued operation.  *Chan*, ECF 173 at 4 (citing *Grand River Enterprises Six Nations, Ltd. v. Pryor*, 2004 WL 2480433, at *3 (S.D.N.Y. Nov. 3, 2004), *aff'd*, 425 F.3d 158 (2d Cir. 2005)). Given the multiplicity of claims and parties, we have attempted below to organize the open issues that remain to be resolved by the Court.

  <u>NEPA Claims</u>.  As Your Honor is aware, in *Chan*, the parties cross-moved for summary judgment on plaintiffs' claims based on the National Environmental Protection Act ("NEPA").  *Chan*, ECF 54-1, 65, 68, 78, 81, 82.  The MTA Defendants and the Federal Defendants argued that the Federal Highway Administration ("FHWA") conducted a detailed assessment of the adopted

tolling structure in its initial assessment. In its 113-page Order dated June 20, 2024, *Chan*, ECF 99, this Court agreed, holding that the environmental assessment ("EA") and Finding of No Significant Impact ("FONSI") met the requirements of NEPA given "the FHWA and Project Sponsors' painstaking examination of Congestion Pricing's environmental impacts." *Id.* at 44. However, the *Chan* and *Mulgrew* plaintiffs have also challenged the two subsequent reevaluations completed on June 21 and November 21, 2024 that reaffirmed that the Program's effects were consistent with the EA and that the mitigation commitments set forth in the FONSI remained valid. *See Chan*, ECF 136-1; *Mulgrew*, ECF 124-1.  The parties again cross-moved for summary judgment on plaintiffs' NEPA claims regarding the reevaluations.  *See Chan*, ECF 136-1, 146, 148, 154, 160, 161; *Mulgrew*, ECF 124-1, 132, 134, 140, 146, 147.  Those motions are now fully briefed.

<u>Constitutional & SAPA Claims</u>.  In *Chan*, *Mulgrew*, *New Yorkers*, and *TANY*, the defendants moved to dismiss plaintiffs' additional claims, arguing that: (1) the Program does not violate the Dormant Commerce Clause or the Right to Travel; (2) the Program is not preempted by the Federal Aviation Administration Authorization Act of 1994 (the "FAAAA"); (3) the Program does not violate the Green Amendment; and (4) TBTA fully complied with the State Administrative Procedure Act ("SAPA").  *See Chan*, ECF 116, 118, 135, 137; *Mulgrew*, ECF 103, 105, 123, 125; *New Yorkers*, ECF 106, 123; *TANY*, ECF 61, 63, 79, 80.  The Court previously held a hearing on motions for a preliminary injunction on these claims on December 20, 2024, and it denied those motions in an order dated December 23, 2024.  *See Chan*, ECF 166; *Mulgrew*, ECF 152; *New Yorkers*, ECF 140; *Truckers*, ECF 98.  In its 111-page Order, this Court held that the plaintiffs had not shown a likelihood of success on the merits on any of these claims.  *Id.* at 55, 61, 83, 90, 95.  Apart from the Court's denial of preliminary injunctive relief, the parties' motions to dismiss are now fully briefed.  *See Chan*, ECF 116, 118, 130, 135, 137; *Mulgrew*, ECF 103, 105, 118, 123, 125; *New Yorkers*, ECF 106, 112, 123; *TANY*, ECF 61, 63, 76, 79, 80.

<u>Post-Operation Termination Claims</u>. On February 19, the MTA Defendants were forced to file a lawsuit against the federal government when the new Secretary of Transportation, Sean Duffy, wrote a letter to Governor Hochul purporting to "terminate" the Program. *Duffy*, ECF 1 ¶ 107.  The MTA Defendants, now acting as plaintiffs in the *Duffy* action, have alleged that the federal government's actions were: (1) arbitrary and capricious; (2) *ultra vires*; (3) procedurally arbitrary and capricious; (4) in violation of the due process clause; (5) in violation of the Administrative Procedure Act; and (6) in violation of NEPA.  The defendants' response to our complaint is due on April 28, 2025.

In *Blumencranz*, New York State Assembly member Jake Blumencranz asserted in a case filed on March 3, 2025 that the Program must cease operations because it is preempted by federal law (*i.e.*, the Duffy letter) and violates SAPA.  *Blumencranz*, ECF 1 ¶¶ 105-43.  There is no response date yet for the complaint in the *Blumencranz* action since plaintiff has not yet completed service of process.

The MTA Defendants will meet and confer with counsel in *Duffy* and *Blumencranz* to see if we can agree upon a proposed coordinated case management plan for each or both cases.

Respectfully submitted,

Roberta A. Kaplan

cc: Counsel of Record (via ECF)