UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X
                                          :

METROPOLITAN TRANSPORTATION AUTHORITY, :
                                          :

              Plaintiff, :

                                          :

     -v- :

                                          :

SEAN DUFFY, GLORIA M. SHEPHERD, UNITED :
STATES DEPARTMENT OF TRANSPORTATION, :
and FEDERAL HIGHWAY ADMINISTRATION :
                                          :

             Defendants. :
                                          :

------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: _03/19/2025_

25-cv-1413 (LJL)

ORDER

LEWIS J. LIMAN, United States District Judge:

      Proposed Intervenor-Plaintiffs Riders Alliance and Sierra Club ("Proposed Intervenors") move for leave to intervene in the above-captioned case, pursuant to Federal Rule of Civil Procedure 24. Dkt. Nos. 23–24. No party has submitted an opposition to the motion. The Court grants Proposed Intervenors' motion pursuant to Federal Rule of Civil Procedure 24(b).

      Federal Rule of Civil Procedure 24(b) states in relevant part that "[up]on timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). The Court has "broad discretion" to grant or deny the motion. *AT & T Corp. v. Sprint Corp.*, 407 F.3d 560, 561 (2d Cir. 2005); *Bldg. & Realty Inst. of Westchester & Putnam Ctys., Inc. v. State of New York*, 2020 WL 5658703, at *12 (S.D.N.Y. Sept. 23, 2020).

      Proposed Intervenors' application is timely. *See Green v. Biden*, 2024 WL 4932751, at *7 (E.D.N.Y. Dec. 2, 2024) ("Proposed Intervenors timely filed their motion before Defendants even filed their Answer."). "The principal guide in deciding whether to grant permissive intervention is whether the intervention will unduly delay or prejudice the adjudication of the rights of the

original parties." *United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 73 (2d Cir. 1994) (quotation omitted); Fed. R. Civ. P. 24(b)(3). No party has identified any potential prejudice to the adjudication of their rights and there is no undue delay given the early posture of this case.

"The words 'claim or defense' are not 'read in a technical sense, but only require some interest on the part of the applicant.'" *United States v. NYCHA*, 326 F.R.D. 411, 418 (S.D.N.Y. 2018) (quoting *Louis Berger Grp., Inc. v. State Bank of India*, 802 F.Supp.2d 482, 488 (S.D.N.Y. 2011)). Proposed Intervenors' claims "share the same fundamental question of law with the main suit." *335-7 LLC v. City of New York*, 2020 WL 3100085, at *3 (S.D.N.Y. June 11, 2020); *compare* Dkt. No. 1 *with* Dkt. No. 23-1. Furthermore, Proposed Intervenors are grassroots and advocacy organizations that closely serve individuals impacted by the tolling program, have been intimately involved in efforts in connection with the program, and "will undoubtedly contribute 'to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented.'" *335-7*, 2020 WL 3100085, at *3 (quoting *Grewal v. Cueno*, 2014 WL 2095166, at *3 (S.D.N.Y. May 20, 2014)); *see also Green*, 2024 WL 4932751, at *6.

Because the Court grants Proposed Intervenors' motion pursuant to Federal Rule of Civil Procedure 24(b), the Court need not consider Proposed Intervenors' argument that intervention is also warranted as a matter of right pursuant to Federal Rule of Civil Procedure 24(a).

The Clerk of Court is respectfully directed to close Dkt. No. 23.

SO ORDERED.

Dated: March 19, 2025
New York, New York

_____
LEWIS J. LIMAN
United States District Judge