```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
METROPOLITAN TRANSPORTATION                                            :
AUTHORITY, et al.,                                                     :
                                                                       :
                                Plaintiffs,                            :       25-cv-1413 (LJL)
                                                                       :
                -v-                                                    :       ORDER
                                                                       :
SEAN DUFFY, et al.                                                     :
                                                                       :
                                Defendants.                            :
                                                                       :
-----------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 03/26/2025

LEWIS J. LIMAN, United States District Judge:

Proposed Intervenor-Plaintiff New York State Department of Transportation ("NYSDOT") moves for leave to intervene in the above-captioned case, pursuant to Federal Rule of Civil Procedure 24. Dkt. Nos. 30–31. Counsel for the Metropolitan Transit Authority and counsel for the Defendants have stated that they do not oppose NYSDOT's motion to intervene. Dkt. Nos. 31 at 2; Dkt. No. 35. The Court grants NYSDOT's motion pursuant to Federal Rule of Civil Procedure 24(b).

Federal Rule of Civil Procedure 24(b) states in relevant part that "[up]on timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). The Court has "broad discretion" to grant or deny the motion. *AT & T Corp. v. Sprint Corp.*, 407 F.3d 560, 561 (2d Cir. 2005); *Bldg. & Realty Inst. of Westchester & Putnam Ctys., Inc. v. State of New York*, 2020 WL 5658703, at *12 (S.D.N.Y. Sept. 23, 2020).

NYSDOT's application is timely. *See Green v. Biden*, 2024 WL 4932751, at *7 (E.D.N.Y. Dec. 2, 2024) ("Proposed Intervenors timely filed their motion before Defendants even filed their Answer."). "The principal guide in deciding whether to grant permissive intervention

is whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." *United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 73 (2d Cir. 1994) (quotation omitted); Fed. R. Civ. P. 24(b)(3).  No party has identified any potential prejudice to the adjudication of their rights and there is no undue delay given the early posture of this case.

"The words 'claim or defense' are not 'read in a technical sense, but only require some interest on the part of the applicant.'" *United States v. NYCHA*, 326 F.R.D. 411, 418 (S.D.N.Y. 2018) (quoting *Louis Berger Grp., Inc. v. State Bank of India*, 802 F.Supp.2d 482, 488 (S.D.N.Y. 2011)).  NYSDOT's claims "share the same fundamental question of law with the main suit." *335-7 LLC v. City of New York*, 2020 WL 3100085, at *3 (S.D.N.Y. June 11, 2020); *see Blatch v. Franco*, 1998 WL 265132, at *7 (S.D.N.Y. May 26, 1998) (Chin, J.) ("[I]ntervention is appropriate here where the intervenors seek virtually the same relief as the named plaintiffs."); *compare* Dkt. No. 1 *with* Dkt. No. 30-1.  Permissive intervention is further appropriate where, as here, the applicant's interest will be finally determined by the suit.  *See Dow Jones & Co. v. U.S. Dep't of Just.*, 161 F.R.D. 247, 254 (S.D.N.Y. 1995) (Sotomayor, J.) (citing *Arizona v. California*, 460 U.S. 605, 615 (1983)).  NYSDOT is the executive agency tasked "with overall responsibility for balanced transportation policy and planning" on the state's behalf.  *See* N.Y. Transp. Law § 10.  In that capacity, the NYSDOT "has an interest in securing observance of the terms under which it participates in the federal system." *Alfred L. Snapp & Son, Inc. v. Puerto Rico*, 458 U.S. 592, 607–08 (1982).

Because the Court grants NYSDOT's motion pursuant to Federal Rule of Civil Procedure 24(b), the Court need not consider NYSDOT's argument that intervention is also warranted as a matter of right pursuant to Federal Rule of Civil Procedure 24(a).

The Clerk of Court is respectfully directed to close Dkt. No. 30.

SO ORDERED.

Dated: March 26, 2025
       New York, New York

                                                    LEWIS J. LIMAN
                                         United States District Judge