```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
METROPOLITAN TRANSPORTATION                                      :
AUTHORITY, et al.,                                               :
                                                                 :
                              Plaintiffs,                        :    25-cv-1413 (LJL)
                                                                 :
                -v-                                              :    ORDER
                                                                 :
SEAN DUFFY, et al.                                               :
                                                                 :
                              Defendants.                        :
                                                                 :
-----------------------------------------------------------------X
```

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #:_____
> DATE FILED: 04/09/2025

LEWIS J. LIMAN, United States District Judge:

Proposed Intervenor-Plaintiff New York City Department of Transportation ("NYCDOT") moves for leave to intervene in the above-captioned case, pursuant to Federal Rule of Civil Procedure 24. Dkt. Nos. 45–46. The Court directed any party intending to oppose NYCDOT's motion to inform the Court of that intention no later than April 7, 2025. Dkt. No. 48. No party did so, and the Court thus considers NYCDOT's motion to be unopposed. The Court grants NYCDOT's motion pursuant to Federal Rule of Civil Procedure 24(b).

Federal Rule of Civil Procedure 24(b) states in relevant part that "[up]on timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). The Court has "broad discretion" to grant or deny the motion. *AT & T Corp. v. Sprint Corp.*, 407 F.3d 560, 561 (2d Cir. 2005); *Bldg. & Realty Inst. of Westchester & Putnam Ctys., Inc. v. State of New York*, 2020 WL 5658703, at *12 (S.D.N.Y. Sept. 23, 2020).

NYCDOT's application is timely. *See Green v. Biden*, 2024 WL 4932751, at *7 (E.D.N.Y. Dec. 2, 2024) ("Proposed Intervenors timely filed their motion before Defendants even filed their Answer."). "The principal guide in deciding whether to grant permissive intervention

is whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." *United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 73 (2d Cir. 1994) (quotation omitted); Fed. R. Civ. P. 24(b)(3). No party has identified any potential prejudice to the adjudication of their rights and there is no undue delay given the early posture of this case.

"The words 'claim or defense' are not 'read in a technical sense, but only require some interest on the part of the applicant.'" *United States v. NYCHA*, 326 F.R.D. 411, 418 (S.D.N.Y. 2018) (quoting *Louis Berger Grp., Inc. v. State Bank of India*, 802 F.Supp.2d 482, 488 (S.D.N.Y. 2011)). NYCDOT's claims "share the same fundamental question of law with the main suit." *335-7 LLC v. City of New York*, 2020 WL 3100085, at *3 (S.D.N.Y. June 11, 2020); *see Blatch v. Franco*, 1998 WL 265132, at *7 (S.D.N.Y. May 26, 1998) (Chin, J.) ("[I]ntervention is appropriate here where the intervenors seek virtually the same relief as the named plaintiffs."); *compare* Dkt. No. 1 *with* Dkt. No. 45-1. Permissive intervention is further appropriate where, as here, the applicant's interest will be finally determined by the suit. *See Dow Jones & Co. v. U.S. Dep't of Just.*, 161 F.R.D. 247, 254 (S.D.N.Y. 1995) (Sotomayor, J.) (citing *Arizona v. California*, 460 U.S. 605, 615 (1983)). NYCDOT is a party to the Value Pricing Pilot Program agreement at issue and has an interest in determining the status of that agreement. Dkt. No. 46.

Because the Court grants NYCDOT's motion pursuant to Federal Rule of Civil Procedure 24(b), the Court need not consider NYCDOT's argument that intervention is also warranted as a matter of right pursuant to Federal Rule of Civil Procedure 24(a).

The Clerk of Court is respectfully directed to close Dkt. No. 45.

SO ORDERED.

Dated: April 9, 2025
New York, New York

_____
LEWIS J. LIMAN
United States District Judge