EARTHJUSTICE
BECAUSE THE EARTH NEEDS A GOOD LAWYER

NORTHEAST REGIONAL OFFICE
48 WALL STREET, 15TH FLOOR
NEW YORK, NY 10005-2903
T: 212.845.7376
F: 212.918.1556

April 24, 2025

BY ECF
The Honorable Lewis J. Liman
United States District Court Southern District of New York
500 Pearl Street, Courtroom 15C
New York, NY 10007

      Re:  *Metropolitan Transportation Authority, et al. v. Duffy, et al.*, No. 25 Civ. 1413 (LJL)

Dear Judge Liman:

      I write on behalf of Plaintiff-Intervenors Riders Alliance and Sierra Club regarding the Defendants' letter motion for permanent sealing of ECF No. 65. While counsel for Plaintiff-Intervenors has followed Defendants' request and has not downloaded the document, it is my understanding that the document has already been widely disseminated. Defendants' letter motion likewise confirms that the "contents of the document have been made public in news reporting." ECF No. 67.

      The document's public dissemination and the numerous news articles discussing and publishing its contents create a situation that appears quite unlike the filing error discussed in *Mazzocchi v. Windsor Owners Corp.*, No. 11 Civ. 07913 (RA)(SDA), 2020 WL 4038342, at *3 (S.D.N.Y. July 17, 2020). Instead, the present circumstances more closely resemble those confronted by the Second Circuit in *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 144 (2d Cir. 2004), where the court considered a reported-upon disclosure and determined that it could not "make what has thus become public private again." As the court explained, "[t]his is generally so when information that is supposed to be confidential—whether it be settlement terms of a discrimination lawsuit or the secret to making the hydrogen

bomb, is publicly disclosed. Once it is public, it necessarily remains public." *Id.* at n.11.; *see also, e.g., Constand v. Cosby,* 833 F.3d 405, 410 (3d Cir. 2016) ("In light of the extensive publicity . . . we are similarly without power to affect the dissemination of the unsealed documents' contents in any meaningful way."); *Doe No. 1 v. Reed*, 697 F.3d 1235, 1240 (9th Cir. 2012) (describing "commonsense conclusion that once a fact is widely available to the public, a court cannot grant any 'effective relief' to a person seeking to keep that fact a secret.").

Therefore, as I informed Defendants' counsel earlier this morning, it is not clear that ECF No. 65 may be properly subject to a permanent sealing order. Plaintiff-Intervenors Riders Alliance and Sierra Club respectfully request that the Court provide an opportunity for discussion and consideration of how to proceed under these circumstances.

Sincerely,

*s/Dror Ladin*
Dror Ladin
Earthjustice
48 Wall Street, 15th Floor
New York, NY 10005
(917) 410-8701
dladin@earthjustice.org

*Counsel for Intervenor-Plaintiffs
Riders Alliance and Sierra Club*

2