U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

April 24, 2025

**BY ECF**
The Honorable Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 15C
New York, NY 10007

      Re:    *Metropolitan Transportation Authority, et al. v. Duffy, et al.*, No. 25 Civ. 1413 (LJL)

Dear Judge Liman:

      This Office represents defendants Sean Duffy, in his official capacity as Secretary of the United States Department of Transportation ("DOT"), Gloria M. Shepherd, in her official capacity as Executive Director of the Federal Highway Administration ("FHWA"), DOT, and FHWA (together the "Federal Defendants") in the above-referenced matter. We write respectfully to request that the Court remove or permanently seal ECF No. 65, which is an attorney-client privileged / attorney work product communication that was inadvertently filed on the docket in this matter last night.

      At 9:04 p.m. last night, undersigned counsel inadvertently uploaded an attorney-client communication from this Office to DOT to ECF rather than a letter intended for Your Honor.[1] Immediately upon realizing this error, at 9:18 p.m., we contacted all counsel of record via email advising of this inadvertent filing of a privileged communication and requesting that they not download the document, or if they had downloaded it, to delete it. We also immediately took steps to contact the Clerk's office to have the document removed, and we understand that by 9:48 p.m. the Clerk's office had put a temporary seal on the document, and it was no longer available on ECF. Although the contents of the document have been made public in news reporting, the document was filed in error and should not be considered part of the court docket.

      Accordingly, we respectfully request that the Court remove or permanently seal ECF No. 65 and hold that the inadvertent filing does not constitute a waiver of the attorney client privilege. *See Mazzocchi v. Windsor Owners Corp.*, No. 11 Civ. 07913 (RA)(SDA), 2020 WL 4038342, at *3 (S.D.N.Y. July 17, 2020) (rejecting argument that inadvertent filing of attorney-client privileged communication on the public docket constituted waiver, and ordering Clerk of the Court to maintain the privileged document under seal (citing Fed. R. Evid. 502(b), (d))). We have reached out to counsel for Plaintiffs and Plaintiff-Intervenors to confirm whether they consent to the requested relief. At this time we have heard back only from counsel for Intervenor Plaintiffs

---

[1] The correct letter was later filed at ECF No. 66.

Page 2

Sierra Club and Riders Alliance and Plaintiffs MTA and TBTA who have indicated that they would be open to discussing the issue of whether the document should remain under seal. Plaintiffs MTA and TBTA do not object to temporary sealing pending further consideration by the parties and the Court.

The Federal Defendants do not believe further discussion among the parties is necessary given that the document is a privileged communication, was plainly filed in error, and the Government took immediate steps to notify the parties and have the document removed from the docket, and therefore the document should not be available to the other parties or the Court for consideration in this matter. *See* SDNY ECF Rules & Instructions, Section 21.7; *see also Mazzocchi*, 2020 WL 4038342, at *3 (citing Fed. R. Evid. 502(b), (d)).

We sincerely apologize for any inconvenience that this error may cause the Court or the parties, and thank the Court for its assistance in this matter.

Respectfully,

JAY CLAYTON
United States Attorney for the
Southern District of New York

By: */s/ Dominika Tarczynska*
DOMINIKA TARCZYNSKA
DAVID FARBER
CHRISTINE S. POSCABLO
Assistant United States Attorneys
Tel. (212) 637-2748/2772/2674
dominika.tarczynska@usdoj.gov
david.farber@usdoj.gov
christine.poscablo@usdoj.gov

cc: All Counsel of Record (via ECF)

---

Defendants' letter motion to seal the document at Dkt. No. 65 raises two distinct questions: (1) whether, in light of the document's public filing on the docket and subsequent republication by media outlets, there exists sufficient basis to grant the motion to seal, and (2) whether Defendants' inadvertent publication of the document waives any applicable privilege. Any opposition to the motion to seal shall be filed no later than May 2, 2025, and shall address both these questions. Any letter in further support of sealing shall be filed no later than May 7, 2025. The document at Dkt. No. 65 shall remain temporarily sealed with access limited to the Federal Defendants and to the Court pending further order of the Court.

SO ORDERED.

LEWIS J. LIMAN
United States District Judge

April 24, 2025