

1133 Avenue of the Americas
Suite 1500
New York, New York 10036

(212) 316-9500
rkaplan@kaplanmartin.com

May 2, 2025

**BY CM/ECF**

The Honorable Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *Metro. Transp. Auth., et al. v. Duffy, et al.*, No. 25 Civ. 1413 (LJL)

Dear Judge Liman,

      We write on behalf of Plaintiffs, the Metropolitan Transportation Authority and Triborough Bridge and Tunnel Authority, to provide the Court with an update regarding scheduling on the proposed motions for a preliminary injunction.

      As Your Honor knows, on April 21, Defendant Duffy sent Governor Hochul a letter threatening various far-reaching "compliance measures" that will go into effect on or after May 28 unless Plaintiffs stop congestion pricing—or unless Defendants suddenly reverse course in the coming weeks and rescind their unlawful attempts to terminate the Value Pricing Pilot Program Agreement.  ECF 64-1 ("Apr. 21 Duffy Ltr.").  On April 23, we notified the Court of Defendants' threatened enforcement and stated that we would meet and confer with Defendants' counsel to try to agree on an appropriate schedule to brief motions for a preliminary injunction.  *See* ECF 64 at 4-7.

      We reached out to counsel on April 24 and again on April 29 to schedule a meet and confer, and in the second email we went ahead and proposed a schedule intended to give Your Honor sufficient time to decide the motions on or before May 28.  We also said that motion practice of course would not be necessary if the government "will agree not to take any enforcement action" pending a resolution of the instant litigation.  **Attachment 1**.  On April 30, counsel for Defendants responded that they "do not see a reason for Plaintiffs to file a motion for a preliminary injunction," because, in their view, administrative proceedings remain ongoing, *id.*, apparently referring to the question of whether Defendants will take the actions they have said that they "will implement"

unless Plaintiffs shut down congestion pricing or Defendants change their mind, Apr. 21 Duffy Ltr. at 2. At the same time—and even as Defendants claimed any dispute over enforcement is too uncertain to brief now—Defendants made crystal clear that the basis for Defendants' threatened enforcement actions is set, since "[t]he April 21 letter reiterates that the VPPP agreement is terminated," and that the schedule for the imposition of the "compliance measures" set out in the April 21 letter "remains in place." Attachment 1. Counsel for Defendants further proposed that all scheduling deadlines in this case be adjourned *sine die*, including Defendants' deadline to answer and produce an administrative record, but did not respond to our proposal that Defendants agree to stay the imposition of "compliance measures" to allow for a more orderly briefing schedule. *Id.*

On May 1, we responded by explaining that Defendants' enforcement threats "present a defined controversy that the parties are clearly capable of briefing now" and should be briefed now in order "to avoid a situation where the parties are briefing, and the court is dealing with, an emergency TRO if the government takes the action it has threatened." *Id.* We also rejected Defendants' proposed modifications to the Court's prior scheduling order, given that Defendants stand by the putative termination of the VPPP Agreement that is the foundation for this lawsuit and the possible imposition of enforcement on May 28. Finally, we reiterated our offer to postpone seeking a briefing schedule for preliminary injunctive relief if the government would agree not to take enforcement action, even temporarily. *Id.* The government declined that offer. *Id.*

Given that the parties have reached an impasse, we now write to propose a briefing schedule on proposed motions for a preliminary injunction. Specifically, we propose the following schedule:

| Motions for Preliminary Injunction | May 5, 2025 |
| --- | --- |
| Defendants' Opposition | May 13, 2025 |
| Replies | May 19, 2025 |

Under this schedule, briefing would conclude two days before Defendants' "show cause" deadline on May 21 and nine days before Defendants have said they will impose "compliance measures" on May 28. Defendants have proposed that their Opposition should be due May 19, 2025, but that timeline would make it very difficult if not impossible for us to reply and for an oral argument to be held in order for the Court to have sufficient time to decide the motion before the impending May 28 enforcement date. We believe our proposal provides more than enough time for Defendants to brief these issues; indeed, as they have threatened these enforcement actions by May 28, they presumably have thought through the legal grounds for those threats and should be ready to address the merits. To the extent that Defendants take issue with this timeline, they really only

have themselves to blame, as they alone have the power to decide whether they will take enforcement action and whether they will do so on or after May 28.

Finally, to the extent that Defendants contend the proposed motions are not ripe, they obviously can make that argument in their opposition papers. Our point in seeking a schedule now is to allow these issues to be briefed in a timely and orderly manner. But to be clear, Defendants' contention that administrative proceedings remain "ongoing" is complete gamesmanship. It has now been more than 70 days since Secretary Duffy purported to "rescind[]" federal approval for New York's Congestion Pricing Program and "terminat[e]" the VPPP Agreement in his letter dated February 19, 2025. ECF 62 at 3. His February 19 letter unambiguously marks the "consummation" of Defendants' decision-making process, purports to determine the "rights or obligations" of the parties, and (if upheld) will have substantial "legal consequences" for the legality of the Congestion Pricing Program. *Sackett v. E.P.A.*, 566 U.S. 120, 126-27 (2012). Defendants have also identified six specific categories of enforcement actions they intend to take. Apr. 21 Duffy Letter at 2. The fact that Defendants have not yet determined which of those six actions (or others) they will use to coerce New York's compliance with the February 19 letter is neither here nor there. *See id.* at 129 (while agency "may still have to deliberate over whether it is confident enough about" its decision to initiate compliance measures, "that is a separate subject"); *Hawkes Co., Inc. v. U.S. Army Corps of Eng'rs*, 782 F.3d 994 (8th Cir. 2015) (plaintiff did not need to wait for agency to take enforcement action before challenging assertion of Clean Water Act jurisdiction over plaintiff's property).

Defendants do not really deny any of this. In fact, they continue, as noted, to "reiterate[] that the VPPP agreement is terminated." Attachment 1. And they have repeatedly threatened sweeping sanctions if the Program is not ended. *See* Apr. 21, 2025 Duffy Ltr.; ECF 62-5 (Mar. 20, 2025 letter from G. Shepherd); ECF 62-8 (Feb. 20, 2025 letter from G. Shepherd); *see also* ECF 62 ¶¶ 186-93 (collecting threats posted by S. Duffy to social media). Put simply, Defendants' position appears to be that Defendants may treat Secretary Duffy's February 19 letter "terminating" the VPPP Agreement as final agency action, and may implement sweeping "compliance measures" on that basis, but that this Court is powerless to act until *after* Defendants have frozen infrastructure planning processes necessary to obtain federal funding for critical transportation projects. That makes no sense and ignores this Court's ability to manage its own docket to allow for the timely and orderly presentation of issues. The point of injunctive relief, of course, is to prevent irreparable injury before it can occur. *See New York v. Trump*, 2025 WL 573771, at *12 (S.D.N.Y. Feb. 21, 2025) (plaintiffs had standing to obtain preliminary relief where "the risk of harm alleged" was "sufficiently immediate and substantial"); *see also Wilmer Cutler Pickering Hale and Dorr LLP v. Executive Office of the Pres.*, 25 Civ. 917 (D.D.C. 2025), ECF 10 (enjoining federal agencies from taking measures to implement unconstitutional Executive Order punishing law firm); *Jenner & Block LLP, v. U.S. Dep't of Just.*, 25 Civ. 916 (D.D.C. 2025), ECF 9 (same); *Perkins Coie LLP v.*

*U.S. Dep't of Justice*, No. 25 Civ. 716 (D.D.C. 2025), ECF 22 at 74:7-21 (same).[1] Intervenor-Plaintiffs New York State Department of Transportation and New York City Department of Transportation join the request for a briefing schedule on motions for a preliminary injunction.

We thank the Court for its attention to this matter and are available to make any further submissions or provide any information Your Honor may require. We also would be happy to participate in a scheduling conference if Your Honor believes it would be helpful. (Since I will be out of town next week, I can call into any such conference or my partner Brandon Trice can speak on our clients' behalf.)

Respectfully submitted,

Roberta A. Kaplan

cc:   Counsel of Record (via ECF)

The Court will take Plaintiffs' proposed briefing schedule under advisement. Plaintiffs may file a motion for a preliminary injunction by May 5, 2025. No later than May 3, 2025 at 5pm, Defendants shall file a letter stating why the Court should not require that Defendants' opposition to the preliminary injunction motion be filed by May 13, 2025, with Plaintiffs' reply due on May 19, 2025. Plaintiffs may respond to Defendants' position on the briefing schedule no later than 12pm on May 4, 2025.

SO ORDERED.

LEWIS J. LIMAN
United States District Judge

May 2, 2025

---

[1] Defendants have clearly denied that they are re-opening their decision regarding the validity of the VPPP Agreement, and even if they claimed otherwise, any such re-opening would obviously be "in name only." *Mantena v. Hazuda*, 2018 WL 3745668, at *6 (S.D.N.Y. 2018). It is apparent from public reporting that any further agency proceedings would be a sham, as Defendants have revealed that their ultimate objective is the "elimination" of the Congestion Pricing Program. Ryan Erik King, *Trump Gov't Lawyers Bash Their Own Case Against NYC Congestion Pricing In Mistakenly Uploaded Memo*, YAHOO (Apr. 25, 2025), https://autos.yahoo.com/trump-govt-lawyers-bash-own-201303531.html.