

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

May 3, 2025

**BY ECF**
The Honorable Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 15C
New York, NY 10007

      Re:    *Metropolitan Transportation Authority, et al. v. Duffy, et al.*, No. 25 Civ. 1413 (LJL)

Dear Judge Liman:

      This Office, along with the Federal Programs Branch in the Civil Division of the Department of Justice, represents defendants Sean Duffy, in his official capacity as Secretary of the United States Department of Transportation ("DOT"), Gloria M. Shepherd, in her official capacity as Executive Director of the Federal Highway Administration ("FHWA"), the DOT, and the FHWA (together "Defendants") in the above-referenced matter.  We write respectfully in response to the letter filed yesterday by plaintiffs Metropolitan Transportation Authority and Triborough Bridge and Tunnel Authority ("Plaintiffs") requesting that the Court set a briefing schedule in connection with Plaintiffs' anticipated motion for a preliminary injunction, *see* ECF No. 71, and the Court's order directing Defendants to "file a letter stating why the Court should not require that Defendants' opposition to the preliminary injunction motion be filed by May 13, 2025, with Plaintiffs' reply due on May 19, 2025," ECF No. 73.[1]

      As an initial matter, Defendants disagree that Plaintiffs have a basis to move for a preliminary injunction at this time.  The Secretary's letter dated April 21, 2025, directs Intervenor-Plaintiff NYSDOT and provides Plaintiff TBTA and Intervenor-Plaintiff NYCDOT an opportunity to "submit a response to FHWA's New York Division Administrator that either: (1) certifies that the collection of tolls under the CBDTP has ceased; or (2) demonstrates that the continued collection of tolls does not violate 23 U.S.C. § 301" by May 21, 2025.  In addition, the letter makes clear that, to the extent the regulations at 2 C.F.R. Part 200 apply to the CBDTP cooperative agreement, the letter serves as the written notice of termination and provides an opportunity to object and provide information challenging the termination of the agreement

---

[1]     We thank the Court for an opportunity to respond to Plaintiffs' letter.  Although Plaintiffs attached to their letter a series of e-mail exchanges between the parties reflecting an effort to reach an agreement on a revised case management schedule, Plaintiffs omitted the e-mail in which Defendants requested an opportunity to include their position in any letter Plaintiffs submitted to the Court and Plaintiffs' declination to do so.  **Attachment A.**  Plaintiffs indicated in response that they would inform the Court that the Government will be submitting a response to Plaintiffs' letter, *see id.*, but they did not do so in the letter filed yesterday, *see* ECF No. 71.

pursuant to those regulations. Accordingly, the issues raised by Plaintiffs and Intervenor-Plaintiffs in this matter are not yet ripe for review.[2]

In any event, Defendants respectfully request two weeks, until May 19, 2025, to submit a response to Plaintiffs' motion. This is equivalent to the two weeks that Plaintiffs have had since April 21, 2025, to prepare their motion for a preliminary injunction and comports with Local Civil Rule 6.1(b). Plaintiffs are seeking now to truncate Defendants' time to respond based on their unsupported conjecture that the process FHWA is affording Plaintiffs to respond to the Secretary's termination decision is "gamesmanship." ECF No. 71 at 3. Instead, it is Plaintiffs who are seeking a premature decision from the Court before FHWA's determination taking into consideration any information NYSDOT, TBTA, and NYCDOT wish to provide in response to the Secretary's letter. Further, FHWA has made clear that it will not impose compliance measures—if any—until May 28, 2025, at the earliest (and after its written determination is issued). Thus, Plaintiffs will have adequate time after May 19, 2025, and prior to May 28, 2025, to submit a reply on a date acceptable to Plaintiffs and the Court.

We thank the Court for its consideration of this request.

Respectfully submitted,

JAY CLAYTON
United States Attorney

By: /s/ Christine S. Poscablo
    DOMINIKA TARCZYNSKA
    DAVID FARBER
    CHRISTINE S. POSCABLO
    Assistant United States Attorneys
    (212) 637-2748

    YAAKOV M. ROTH
    Acting Assistant Attorney General

    ERIC J. HAMILTON
    Deputy Assistant Attorney General

    MICHAEL BRUNS
    STEPHEN ELLIOTT

---

[2] Citing a public website, Plaintiffs' argument on this point quotes the document that this Court placed under temporary seal. *See* ECF No. 71 at 4 n.1. As this document is presently under seal, an attorney-client communication, and the subject of ongoing motion practice, ECF No. 69, Plaintiffs' argument is entirely improper and should be disregarded. *See* F.R.E. 502(b); *cf.* Fed. R. Civ. P. 26(b)(5) ("If information produced in discovery is subject to a claim or privilege . . . [a]fter being notified, a party . . . must not use . . . the information until the claim is resolved.").