

1133 Avenue of the Americas
Suite 1500
New York, New York 10036

(212) 316-9500
rkaplan@kaplanmartin.com

May 4, 2025

**BY CM/ECF**

The Honorable Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    *Metro. Transp. Auth., et al. v. Duffy, et al.*, No. 25 Civ. 1413 (LJL)

Dear Judge Liman,

    We write on behalf of Plaintiffs, the Metropolitan Transportation Authority ("MTA") and Triborough Bridge and Tunnel Authority ("TBTA"), in response to the letter filed yesterday by Defendants (ECF 75) requesting that the Court permit them to submit their opposition(s) to the proposed motions for a preliminary injunction by May 19, and not by May 13 as we have proposed.

    As we hope is clear, it is our practice to consent to extensions where warranted, and as a courtesy to opposing counsel where feasible. We would be happy to do so here if Defendants agreed to stay Secretary Duffy's "compliance measures"—an offer we made repeatedly in our email correspondence with counsel—but Defendants have refused. *See* ECF 75-1 at 3. With no other option, we have proposed a schedule for briefing motions for a preliminary injunction in an orderly fashion; one which will not impose undue burdens on the Court when Defendants inevitably reveal (sometime between May 21 and May 28) that they will indeed execute the enforcement measures that they have said in their April 21 letter they "will implement." ECF 64 at 5.[1]

---

[1] There is nothing "improper," ECF 75 at 2 n.2, in referencing press reports about this case, particularly where the reports clearly establish Defendants' pretext and ultimate goal of ending the Congestion Pricing Program. While the undersigned has been careful not to read the document referenced in the reports, and only cited to public accounts of its contents, I obviously cannot avoid seeing the news and Defendants' objections only underscore the futility of sealing a document that is already public. *See* ECF 72 at 3. Rule 26(b)(5) has no application here because Defendants

It is difficult to imagine that Defendants are prepared to withhold billions in funding, but are not already prepared to defend the legality of doing so. Indeed, we informed Defendants as early as April 4 that we would pursue injunctive relief if they sought to "improperly withhold funds." ECF 49 at 4. And we specifically noted in our April 23 letter to the Court, shortly after receiving Duffy's April 21 Letter, that we would "meet and confer … on an appropriate schedule to brief a motion for a preliminary injunction preventing the threatened enforcement measures." ECF 64 at 2. While Defendants did not provide their availability when we contacted them on April 24 and again on April 29, they can hardly claim to be surprised by the forthcoming motions.[2]

We certainly understand Defendants' desire to permit adequate time for the parties to brief these issues thoroughly. That is why we agreed, jointly with Defendants, that this case "should be resolved on cross-motions for summary judgment" with a briefing schedule that stretched several months. ECF 49 at 2-3. But it is Defendants who have forced the parties and the Court to move quickly, by imposing a unilateral deadline for compliance. If Defendants will agree to stay Secretary Duffy's "compliance measures," then we will of course agree to any reasonable briefing schedule. But absent such agreement, it is essential that the Court have sufficient time to consider these issues, hear oral argument if necessary, and rule in advance of May 28.[3] Intervenor-Plaintiff New York State Department of Transportation joins this letter.

Respectfully submitted,

Roberta A. Kaplan

cc:   Counsel of Record (via ECF)

---

did not disclose the document privately during discovery, but instead uploaded it to the public docket, from which it was downloaded and reported on by members of the press and social media users.

[2] Nor will Defendants be surprised by many of the arguments in our forthcoming brief, given the 111-page amended complaint we filed on April 18 detailing why Defendants' course of conduct is illegal. ECF 62.

[3] While Defendants do not deny that we accurately communicated their position in our May 2 letter to the Court, ECF 71, they rightly point out that we neglected to convey that Defendants planned to submit a response. We assumed that the Court would understand from our letter that Defendants intended to respond, but we should have been more explicit and we apologize for the omission.