UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

METROPOLITAN TRANSPORTATION AUTHORITY and TRIBOROUGH BRIDGE AND TUNNEL AUTHORITY,

*Plaintiffs*,

and

NEW YORK STATE DEPARTMENT OF TRANSPORTATION, RIDERS ALLIANCE, SIERRA CLUB, and NEW YORK CITY DEPARTMENT OF TRANSPORTATION,

*Intervenor-Plaintiffs*,

v.

SEAN DUFFY, in his official capacity as Secretary of the United States Department of Transportation, GLORIA M. SHEPHERD, in her official capacity as Executive Director of the Federal Highway Administration, UNITED STATES DEPARTMENT OF TRANSPORTATION, and FEDERAL HIGHWAY ADMINISTRATION,

*Defendants*.

Case No. 25 Civ. 1413 (LJL)

**PLAINTIFFS THE METROPOLITAN TRANSPORTATION AUTHORITY AND TRIBOROUGH BRIDGE AND TUNNEL AUTHORITY AND INTERVENOR-PLAINTIFFS NEW YORK STATE DEPARTMENT OF TRANSPORTATION AND NEW YORK CITY DEPARTMENT OF TRANSPORTATION'S <u>UNOPPOSED MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT</u>**

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................... 1
ARGUMENT .......................................................................................................................... 2
    I.    Movants have satisfied the Rule 15 standard for leave to amend ...................................... 2
    II.   Movants have satisfied the Rule 16 "good cause" standard ............................................... 4
CONCLUSION ....................................................................................................................... 5

# TABLE OF AUTHORITIES

**CASES**

*Est. of Ratcliffe v. Pradera Realty Co.*,
  2007 WL 3084977 (S.D.N.Y. Oct. 19, 2007) ............................................................................ 8

*Fresh Del Monte Produce, Inc. v. Del Monte Foods, Inc.*,
  304 F.R.D. 170 (S.D.N.Y. 2014) .............................................................................................. 8

*Lesnik v. Lincoln Fin. Advisors Corp.*,
  2019 WL 6169971 (S.D.N.Y. Nov. 20, 2019) .......................................................................... 7

*Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*,
  797 F.3d 160 (2d Cir. 2015) ..................................................................................................... 6

*Lucente v. Int'l Bus. Machs. Corp.*,
  310 F.3d 243 (2d Cir. 2002) ..................................................................................................... 7

*Perfect Pearl Co. v. Majestic Pearl & Stone, Inc.*,
  889 F. Supp. 2d 453 (S.D.N.Y. 2012) ...................................................................................... 6

*PNC Bank, Nat. Ass'n v. Wolters Kluwer Fin. Servs., Inc.*,
  73 F. Supp. 3d 358 (S.D.N.Y. 2014) ........................................................................................ 8

*Ruotolo v. City of New York*,
  514 F.3d 184 (2d Cir. 2008) ..................................................................................................... 7

*S.E.C. v. Rayat*,
  2022 WL 3656314 (S.D.N.Y. Aug. 24, 2022) .......................................................................... 6

*Sacerdote v. New York Univ.*,
  9 F.4th 95 (2d Cir. 2021) .......................................................................................................... 6

*United States v. Int'l Bus. Machines Corp.*,
  66 F.R.D. 223 (S.D.N.Y. 1975) ................................................................................................ 6

**RULES**

Fed. R. Civ. P. 15(a) ....................................................................................................................... 5

Fed. R. Civ. P. 16(b) ...................................................................................................................... 7

ii

Plaintiffs, the Metropolitan Transportation Authority ("MTA") and Triborough Bridge and Tunnel Authority ("TBTA"), and Intervenor-Plaintiffs, New York State Department of Transportation ("NYSDOT") and New York City Department of Transportation ("NYCDOT"), respectfully submit this memorandum of law in support of their motion for leave to file a consolidated second amended complaint. Defendants do not oppose this motion.

## INTRODUCTION

The MTA, TBTA, NYSDOT, and NYCDOT (collectively, "Movants") respectfully request leave to file the proposed consolidated second amended complaint ("SAC") alleging additional facts and claims arising from Secretary Duffy's April 21 letter to Governor Hochul (the "April 21 Letter"), in which Secretary Duffy threatens to impose "compliance measures" if tolling under the Congestion Pricing Program (the "Program") does not cease by May 21, 2025. As the Court is aware, Movants today submitted motions for a preliminary injunction to prevent Defendants from implementing these "compliance measures." The additional targeted allegations and claims in the SAC are housekeeping amendments to align the operative complaint with the motions for preliminary injunctive relief.

Pursuant to Local Rule 15.1(a), Movants have attached to this motion the SAC, *see* Ex. 1; and a blackline showing the differences from the Consolidated First Amended Complaint, *see* Ex. 2. Specifically, the SAC includes additional factual allegations concerning the April 21 Letter and Secretary Duffy's public comments in connection with the letter. The SAC also asserts two additional claims for relief alleging that the "compliance measures" specified by Defendants for the first time in the April 21 Letter violate both the Spending Clause and Tenth Amendment and the Separation of Powers.

## ARGUMENT

Leave to amend should be granted because Defendants do not oppose this motion and because the new allegations in the SAC arise from conduct by Defendants that occurred after the April 18 deadline for amended pleadings in this action. ECF 57. While Movants acted diligently by requesting that Defendants disclose their plans in advance of the April 18 deadline to amend, Defendants dismissed Plaintiffs' efforts as "premature," ECF 49 at 5, and explained that "there has been no final decision as to what, if anything, will occur on April 20," which was the previous (second) deadline set by Defendants for Plaintiffs to shut down congestion pricing. Apr. 9, 2025 Conf. Tr. at 5:15-16. Accordingly, Movants could not have included the additional allegations in the SAC in their Consolidated First Amended Complaint. ECF 62. The SAC is timely as it comes just two weeks after the April 21 Letter and there is no undue prejudice to Defendants, who have not yet answered the Consolidated First Amended Complaint and will have ample time to respond to the new allegations under the current schedule. ECF 57.

### I. Movants have satisfied the Rule 15 standard for leave to amend

Leave to amend a complaint "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). This is a "liberal" and "permissive" standard, and "the only 'grounds on which denial of leave to amend has long been held proper' are upon a showing of 'undue delay, bad faith, dilatory motive, [or] futility.'" *Sacerdote v. New York Univ.*, 9 F.4th 95, 115 (2d Cir. 2021) (quoting *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015)). Leave to amend should be granted here because the SAC easily satisfies the Rule 15 standard.

The SAC is clearly timely, coming just two weeks after Secretary Duffy's April 21 Letter, in which Defendants identified for the first time "compliance measures" they will impose if tolling does not cease. *See S.E.C. v. Rayat*, 2022 WL 3656314, at *7 (S.D.N.Y. Aug. 24, 2022) (Liman, J.)

(allowing amendment more than a year into the action where proposed amendment rested on "significant new information" that plaintiff did not have at the time of original complaint); *Perfect Pearl Co. v. Majestic Pearl & Stone, Inc.*, 889 F. Supp. 2d 453, 460 (S.D.N.Y. 2012) (allowing amendment two years into action based on new facts); *United States v. Int'l Bus. Machines Corp.*, 66 F.R.D. 223, 229 (S.D.N.Y. 1975) (allowing amendment five years after commencement of action where in the "post-complaint period the defendant continued to commit acts which constitute an illegal monopolization").

The motion to amend also is not the result of bad faith or a dilatory motive. In advance of the April 18 deadline for amended pleadings, Movants diligently sought to clarify whether Defendants intended to take unilateral action that might require them to seek expedited relief (and, by extension, to assert new claims arising from such conduct). Defendants dismissed these efforts as "premature," ECF 49 at 5, and stated that "there has been no final decision as to what, if anything, will occur on April 20," Tr. 5:15-16. And, far from seeking to delay this litigation, the purpose of the SAC is to ensure that the entire dispute between the parties is properly before the Court to allow for expeditious resolution of the motions for preliminary injunction submitted this same day.

There is no undue prejudice to Defendants—who again, do not oppose this motion—because the targeted amendments in the SAC would not "require the opponent to expend significant additional resources to conduct discovery and prepare for trial' or 'significantly delay the resolution of the dispute.'" *Lesnik v. Lincoln Fin. Advisors Corp.*, 2019 WL 6169971, at *2 (S.D.N.Y. Nov. 20, 2019) (quoting *Ruotolo v. City of New York*, 514 F.3d 184, 192 (2d Cir. 2008)). Defendants have not yet answered the Consolidated First Amended Complaint and they will have ample time to address the small number of amendments in the SAC before their deadline to answer,

which is in three weeks on May 27, ECF 57, especially as none of the amendments will be new information to Defendants who should hopefully already be in a position to defend the legality of the "compliance measures" they themselves threaten.

Finally, the additional constitutional claims asserted in the SAC are not futile for the reasons explained in the motions for preliminary injunction submitted this same day. *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) (a proposed amendment is futile only if the "claim could not withstand a motion to dismiss").

## II.     Movants have satisfied the Rule 16 "good cause" standard

Under Rule 16(b), a party may obtain a modification of a scheduling order when that party shows "good cause" for the modification. Fed. R. Civ. P. 16(b). The "primary consideration is whether the moving party can demonstrate diligence." *Lucente*, 310 F.3d at 244.

Here, Movants could not have alleged the claims asserted in the SAC by the April 18 deadline to amend. As noted above, Movants diligently requested that Defendants disclose their intended course of conduct in advance of the April 18 deadline, but Defendants explained that "there ha[d] been no final decision as to what, if anything, will occur on April 20," Tr. 5:15-16. It was only after the deadline to amend, on April 21, that Defendants disclosed their "compliance measures" in the April 21 Letter, which form the basis of the additional allegations and claims in the SAC. *See Est. of Ratcliffe v. Pradera Realty Co.*, 2007 WL 3084977, at *4 (S.D.N.Y. Oct. 19, 2007) (finding good cause where Plaintiffs had "shown that they could not have obtained the new facts earlier and that they exercised diligence in seeking to amend soon after learning the new facts").

In addition, as outlined above, the SAC presents no prejudice to Defendants since the case is still in its very early stages. *See PNC Bank, Nat. Ass'n v. Wolters Kluwer Fin. Servs., Inc.*, 73

4

F. Supp. 3d 358, 376 (S.D.N.Y. 2014) (finding good cause to allow amendment where defendant could not point to any concrete prejudice); *Fresh Del Monte Produce, Inc. v. Del Monte Foods, Inc.*, 304 F.R.D. 170, 177 (S.D.N.Y. 2014) (finding good cause to allow amendment where amendment would require delaying discovery by only 8-10 weeks and alternative was for moving party to file a separate lawsuit with same parties raising same issues).

## CONCLUSION

For these reasons, the Court should grant Movants' motion for leave to file the SAC.

Dated: May 5, 2025
      New York, New York

Respectfully submitted,

*/s/ Roberta A. Kaplan*
Roberta A. Kaplan
D. Brandon Trice
Maximilian T. Crema
KAPLAN MARTIN LLP
1133 Avenue of the Americas | Suite 1500
New York, NY 10036
Tel.: (212) 316-9500
rkaplan@kaplanmartin.com
btrice@kaplanmartin.com
mcrema@kaplanmartin.com

Mark A. Chertok
Elizabeth Knauer
Amy Lynn Cassidy
John F. Nelson
Phillip Dane Warren
SIVE, PAGET & RIESEL, P.C.
560 Lexington Avenue, 15th Floor
New York, NY 10022
Tel.: (212) 421-2150
mchertok@sprlaw.com
eknauer@sprlaw.com
acassidy@sprlaw.com
jnelson@sprlaw.com
dwarren@sprlaw.com

*Attorneys for Plaintiffs the Metropolitan Transportation Authority and Triborough Bridge and Tunnel Authority*

LETITIA JAMES
Attorney General of the State of New York

By: <u>*/s/ Andrew G. Frank*   </u>
Andrew G. Frank
Assistant Attorney General
N.Y.S. Attorney General's Office
28 Liberty Street
New York, New York 10005
Tel.: (212) 416-8271
E-mail: andrew.frank@ag.ny.gov

*Attorneys for Intervenor-Plaintiff the New York State Department of Transportation*

<u>*/s/ Muriel Goode-Trufant*   </u>
Corporation Counsel of the City of New York
Nathan Taylor
Christian C. Harned
New York City Law Department
100 Church Street
New York, NY 10007
Tel.: (212) 356-2315 Email:
ntaylor@law.nyc.gov
chharned@law.nyc.gov

*Attorneys for Intervenor-Plaintiff New York City Department of Transportation*

6