

**Kaplan Martin**

1133 Avenue of the Americas
Suite 1500
New York, New York 10036

(212) 316-9500
rkaplan@kaplanmartin.com

May 5, 2025

<u>BY CM/ECF</u>

The Honorable Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

   Re: *Metro. Transp. Auth., et al. v. Duffy, et al.*, No. 25 Civ. 1413 (LJL)

Dear Judge Liman,

  We write on behalf of Plaintiffs, the Metropolitan Transportation Authority ("MTA") and Triborough Bridge and Tunnel Authority ("TBTA"), and Intervenor-Plaintiffs, New York State Department of Transportation ("NYSDOT") and New York City Department of Transportation ("NYCDOT"), in accordance with the Court's instruction at the April 9 Scheduling Conference that the parties should coordinate, if possible, regarding page limits on motion briefing, and the Court's May 4 Order directing that Plaintiffs and Intervenor-Plaintiffs file any motions for a preliminary injunction by today, May 5. Apr. 9, 2025 Conf. Tr. ("Tr.") at 8:21-9:8; ECF 77.

  Following the Court's Order yesterday, we emailed Defendants to ask whether they would consent to the MTA, TBTA, and NYCDOT filing together a 65-page omnibus memorandum of law and a 30-page omnibus reply memorandum of law on behalf of the same parties. We also conveyed NYSDOT's proposal that they file a 25-page memorandum of law and a 15-page reply, and stated that we were amenable to Defendants having similar page limitations or proposing some other, larger page limit if they believed that was appropriate. Defendants opposed the request for the reasons we excerpt from their email below:

> For the following reasons, Defendants oppose Plaintiffs' request to expand the page limit for their preliminary injunction briefing to a total of 95-pages (65 for their opening brief and 30 for the reply). First, Plaintiffs have not provided Defendants with any justification for why they require more than double the standard page limit. Second, Plaintiffs made this request on the same day its opening brief is due

and after the briefing schedule has already been set. And third, Defendants face significant prejudice responding to a 65-page brief under the expedited schedule. Defendants contend that the standard 25-page opening and responsive briefs and a 10-page reply brief are appropriate. But in the interest of compromise, Defendants will agree to 35-page opening and responsive briefs, with a 10-page reply.

In response, we stated that the proposed limitations were appropriate given the breadth of the issues, which include the illegality of the Defendants' purported termination of the underlying VPPP Agreement approving congestion pricing and Defendants' threatened sanctions against MTA, TBTA, NYSDOT, and NYCDOT, and the fact that the 65-page memorandum would be submitted on behalf of three parties, each of which would be entitled to file a 25-page memorandum in the ordinary course. We also noted that we had coordinated with NYSDOT to avoid duplication between our memorandum and theirs, and that NYSDOT intends to incorporate by reference arguments advanced in our memorandum of law in order to streamline the briefing. *See* Tr. at 9:4-8 (encouraging the parties to incorporate arguments by reference). As to timing, we explained that we promptly made this proposal following the Court's May 4 Order. And in response to Defendants' claim of prejudice, we noted: "[I]f Defendants are going to threaten federal funding and approvals across the board, in a matter of weeks, as a means of trying to compel compliance with a directive that is squarely before the Court, they should be prepared to litigate the issue in an expedited fashion, and with the appropriate attention that these issues require." Defendants continue to oppose our proposed page limitations.

For the reasons identified above, we respectfully now move for an enlargement of page limits as follows:[1]

| | |
|---|---|
| Plaintiffs' and NYCDOT's Omnibus Memorandum of Law | 65-pages |
| NYSDOT's Memorandum of Law | 25-pages |
| Opposition to Plaintiffs' and NYCDOT's Motion | 65-pages |
| Opposition to NYSDOT's Motion | 25-pages |
| Plaintiffs' and NYCDOT's Omnibus Reply | 30-pages |
| NYSDOT's Reply | 15-pages |

---

[1] We also have no opposition to Defendants receiving additional pages should they wish to file a single omnibus opposition.

We thank the Court for its attention to this matter.

Respectfully submitted,

Roberta A. Kaplan

cc: Counsel of Record (via ECF)