

1133 Avenue of the Americas
Suite 1500
New York, New York 10036

(212) 316-9500
rkaplan@kaplanmartin.com

May 12, 2025

**BY CM/ECF**

The Honorable Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *Metro. Transp. Auth., et al. v. Duffy, et al.*, No. 25 Civ. 1413 (LJL)

Dear Judge Liman:

I write on behalf of Plaintiffs, joined by Intervenor-Plaintiffs New York State Department of Transportation, Riders Alliance, and Sierra Club, pursuant to Your Honor's May 8, 2025 Order (ECF 99), which granted leave to submit a three-page response to Defendants' letter dated May 7 (ECF 97) (the "May 7 Letter" or "5/7 Ltr.") in support of their motion to seal the memorandum dated April 11, 2025 that was filed on the public docket (the "Memo").

**I.   Defendants offer no basis to seal a document that is already public**

Defendants do not cite a single instance where a court (in any Circuit) has entered an order sealing a document like the Memo that is widely available on social media and in the press. That is not surprising—such an order would be futile since there is no point in sealing a document that is already out in public and repeatedly has been discussed on television by Defendants themselves. For this reason, Defendants resort to citing cases involving documents that were sealed before they could be republished, or where the underlying motion was unopposed—nothing like the circumstances present here. *See* 5/7 Ltr. at 2.[1]

Moreover, Defendants have yet to articulate any prejudice from unsealing the Memo. *See* 5/7 Ltr. at 1-4; ECF 67 at 1-2. Even if it is not a "judicial document," *see* 5/7 Ltr. at 2-3, it was filed on the public docket and this Court "must still balance the right of public access" against "the private interests of the parties." *SuperCom, Ltd. v. Sabby Volatility Warrant Master Fund Ltd.*, 2022 WL 2543788, at *4 (S.D.N.Y. July 7, 2022) (denying motion to seal non-judicial document); *accord Standard Inv. Chartered, Inc. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 2008 WL 199537, at *6, *9 (S.D.N.Y. Jan. 22, 2008) (no good cause to seal where information already in public domain).

---

[1] Defendants' reliance on the electronic filing rules is misplaced since they merely allow a document to be "temporarily sealed" pending a "formal[]" decision by "the presiding judge." SDNY Electronic Case Filing Rules § 21.7.

While Defendants note that the Memo contains information that once was privileged, *see* 5/7 Ltr. at 3-4, that has no relevance where, as here, the "genie is out of the bottle," *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 144 (2d Cir. 2004); *see also Eletson Holdings, Inc. v. Levona Holdings Ltd.*, 2023 WL 5956144, at *4 (S.D.N.Y. Sept. 13, 2023) (Liman, J.).

## II. Defendants have waived any privilege attached to the Memo

Apparently recognizing that the *Lois Sportswear* factors strongly favor waiver, Defendants insist that the Court should focus instead on Federal Rule of Evidence 502(b). 5/7 Ltr. at 4. But they fail to acknowledge that this Court has rejected the "argument that Federal Rule of Evidence 502 displaces *Lois Sportswear*." *United States v. Ray*, 2022 WL 842254, at *3 n.6 (S.D.N.Y. Mar. 20, 2022) (Liman, J.). Even the authorities that Defendants' cite establish that "courts have continued to apply the *Lois Sportswear* factors after the enactment of Rule 502(b)." *BNP Paribas Mortg. Corp. v. Bank of Am., N.A.*, 2013 WL 2322678, at *10 (S.D.N.Y. May 21, 2013); 5/7 Ltr. at 4.[2]

1. <u>Reasonable precautions</u>. Defendants have now revealed that counsel: (1) gave the Memo a "similar file name[]" to a letter intended for public filing; (2) saved the Memo in "the same file folder" as that letter; and (3) used "the same SDNY USAO letterhead" for both documents, without marking the Memo as privileged. 5/7 Ltr. at 5. These new facts only reinforce the conclusion that they failed to take reasonable precautions to prevent disclosure. *See Estiverne v. Goodwine*, 2009 WL 10706260, at *3 (E.D.N.Y. Oct. 19, 2009) (waiver where counsel failed to "segregat[e] confidential documents from those that were not privileged" or "include a legend or other notation identifying the document" as privileged) (collecting cases).[3] It is not a reasonable precaution to fail to even mark, segregate, or review a privileged document before filing it, as Defendants all but concede happened here. Apparently, counsel also were not concerned about the final confirmation screen on ECF, which always asks a filer to confirm the document's file name and number of pages. A contrary ruling would eviscerate the "incentive for counsel to guard the privilege closely." *United States v. Gangi*, 1 F. Supp. 2d 256, 264 (S.D.N.Y. 1998) (Chin, J.). *Cf. In re Copper Antitrust Litig.*, 200 F.R.D. 213, 222 (S.D.N.Y. 2001) (no waiver where attorneys provided "specific instructions" and "performed an additional, final, review" of documents). The two "precautions" Defendants did take—distributing the Memo only to DOJ, USDOT, and the SDNY USAO, and limiting access to those "handling this matter," 5/7 Ltr. at 5—are present in any case involving privileged information and cannot prevent waiver.[4] And of course, Defendants themselves characterized the way the Memo was handled as "malpractice" or "absolute incompetence." ECF 72 at 2.

2. <u>Time to rectify error</u>. In the May 7 Letter, Defendants provided details regarding the steps taken to recover the Memo. 5/7 Ltr. at 5-6 & n.6. In light of these additional facts, we agree that Defendants acted promptly by reaching out to opposing counsel to try to rectify their error.

---

[2] Contrary to Defendants' claim, there is no "more forgiving non-waiver" standard. 5/7 Ltr. at 6. The court in *Certain Underwriters at Lloyd's v. National Railroad Passenger Corp.* was referring to a court's ability to enter a protective order setting forth claw-back procedures. 218 F. Supp. 197, 201 (E.D.N.Y. 2016).

[3] While Intervenor-Plaintiffs Riders Alliance and Sierra Club previously noted that there was "no indication that Defendants failed to take reasonable care," ECF 70 at 3, that statement was made before Defendants disclosed this additional information cementing their failure to take reasonable precautions to prevent disclosure. 5/7 Ltr. at 5.

[4] Even under FRE 502(b), the failure to take reasonable precautions alone is dispositive. *See Maxtena, Inc. v. Marks*, 289 F.R.D. 427, 446 (D. Md. 2012) ("all three prongs of Rule 502(b) must be met" to avoid waiver) (collecting cases).

But even prompt action following disclosure will not prevent a finding of waiver where the damage has already been done. *See, e.g.*, *Gangi*, 1 F. Supp. 2d at 266; *Loc. 851 v. Kuehne & Nagel Air Freight, Inc.*, 36 F. Supp. 2d 127, 133 (E.D.N.Y. 1998).

3, 4. <u>Scope of discovery and disclosure</u>. Defendants do not address the third and fourth *Lois Sportswear* factors, thereby conceding that they support waiver. *See, e.g.*, *In re UBS AG Secs. Litig.*, 2012 WL 4471265, at *11 (S.D.N.Y. Sept. 28, 2012).

5. <u>Fairness</u>. While Defendants pretend that the widespread public dissemination of the Memo (including by Secretary Duffy himself in the media) is somehow irrelevant, it is actually dispositive. "Generally, courts hold that fairness dictates a finding of waiver in cases where the privileged information at issue has been widely disseminated." *United States v. Rigas*, 281 F. Supp. 2d 733, 741 (S.D.N.Y. 2003). While Defendants may not agree with this "'bell has already been rung" line of argument, 5/7 Ltr. at 8, the courts in this District have concluded otherwise since they have consistently adhered to it. *E.g.*, *S.E.C. v. Cassano*, 189 F.R.D. 83, 86 (S.D.N.Y. 1999); *Gangi*, 1 F. Supp. 2d at 264. As Judge Sand explained in *Rigas*, once a document is public, "'the purpose of the work product doctrine [is] severely undermined,' thereby supporting a finding of waiver." 281 F. Supp. 2d at 741 (quoting *Gangi*, 1 F. Supp. 2d at 267).[5] Defendants' contention that the courts in *Gangi* and *Cassano* were only "concerned about fairness between defendants" is incorrect; those decisions discuss the public nature of the documents in question at length. 5/7 Ltr. at 7 (citing *Gangi*, 281 F. Supp. 2d at 267 and *Cassano*, 189 F.R.D. at 85-86). But even that concern is present here, since some counsel reviewed portions of the Memo (which, again, did not bear any privilege marker) before they were notified that the Memo was filed in error, *see* ECF 97 at 6, while others were partially exposed to the Memo through the press, *see* ECF 72 at 3.[6]

Finally, Defendants seek to minimize the evidentiary relevance of the Memo by claiming that it merely contains "legal opinion." 5/7 Ltr. at 8 (quoting *Aramony v. United Way*, 969 F. Supp. 226, 238 (S.D.N.Y. 1997)). But based upon public reporting, the Memo conclusively establishes that Defendants' stated rationales in the February 19 Letter are pretextual, and it flatly contradicts Defendants' representation to the Court that "the agency decision-making process is ongoing." ECF 66 at 2; *see* ECF 72 at 3. This case is therefore not analogous to those relied on by Defendants, 5/7 Ltr. at 8, but more akin to situations where, as here, inadvertently disclosed documents contained "vital" evidence that "differ[ed] markedly from the factual position" taken by the disclosing party. *Atronic Int'l v. SAI Semispecialists of Am., Inc.*, 232 F.R.D. 160, 166 (E.D.N.Y. 2005); *accord Estiverne*, 2009 WL 10706260, at *6.[7]

---

[5] Although Defendants try to distinguish *Gangi* and *Cassano* on the ground they only involve the attorney-work product doctrine, that is incorrect. *See Cassano* 189 F.R.D. at 84 n.2 (noting issue "whether the attorney-client privilege had been waived"). Defendants' reliance on *Estiverne* is mistaken, as the court there *found* waiver. 2009 WL 10706260, at *6. In any event, the *Lois Sportswear* analysis applies to both protections. *See, e.g.*, *In re Nat. Gas Litig.*, 229 F.R.D. 82, 86 n.7 (S.D.N.Y. 2005).

[6] Defendants' reliance on *U.S. ex rel. Bagley v. TRW, Inc.*, 204 F.R.D. 170, 184 (C.D. Cal. 2001), is mistaken as that case involved the routine disclosure of privileged materials in discovery, not a filing on the public docket.

[7] As Defendants' authorities establish, a statement by a party's attorney is admissible under F.R.E. 801(d)(2)(D) when made in relation "to a matter within the scope of the agency." *Bensen v. American Ultramar Ltd.*, 1996 WL 422262, at *11 (S.D.N.Y. July 29, 1996); *accord M.C. v. Cnty. of Westchester*, 2022 WL 1124920, at *5 (S.D.N.Y. Apr. 13, 2022). *In re Avantel* is irrelevant since it applied Texas law. 343 F.3d 311, 323 (5th Cir. 2003). *Novo Nordisk, Inc. v. Genentech, Inc.* is likewise distinguishable, as it concerned "internal thought processes and deliberations" rather than party "admissions." 1995 WL 512171, at *27 (S.D.N.Y. Aug. 28, 1995), *vacated*, 77 F.3d 1364 (Fed. Cir. 1996).

3

Respectfully submitted,

*/s/ Roberta A. Kaplan*

Roberta A. Kaplan

cc: Counsel of Record (via ECF)