**U.S. Department of Justice**

*Civil Division*
*Federal Programs Branch*

*1100 L St NW*
*Washington, D.C. 20012*

May 20, 2025

**BY ECF**
The Honorable Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 15C
New York, NY 10007

      Re:    *MTA, et al. v. Duffy, et al.*, No. 25 Civ. 1413 (LJL)

Dear Judge Liman:

      We write respectfully on behalf of the Defendants to request an amendment of the current case management plan and scheduling order. ECF No. 57. Good cause exists for this request.

      Defendants request that the case schedule be adjusted to account for the ongoing agency determinations and the recent preliminary injunction motions, as well as to provide the Court the opportunity to review the entire administrative record and to avoid duplicative motion practice that would waste party and judicial resources.

      As explained in detail in Defendants' Combined Opposition to Plaintiffs' Motions for a Preliminary Injunction, ECF No. 118, the administrative process has not been completed with respect to the termination of the Value Pricing Pilot Project (VPPP) Agreement or the imposition of any compliance measures. Plaintiffs have until May 21, 2025, to submit objections to the termination of the VPPP Agreement and to provide their position on whether they are in compliance with 23 U.S.C. § 301. Defendants understand from Plaintiffs' counsel that Plaintiffs will be sending a response to Federal Highway Administration (FHWA). Because FHWA has yet to make a final decision based on those objections and positions, the Court does not have a complete judicial record to review. Thus, it would be premature for Defendants to answer the Second Amended Complaint and produce an incomplete administrative record by May 27, 2025.

      The lack of a final agency action coupled with other jurisdictional defects—all issues that have not been adjudicated yet by this Court but are almost fully briefed—make it likely Defendants will respond to the Second Amended Complaint by filing a motion to dismiss. The arguments in support of the motion to dismiss will in effect be the same as those argued in Defendants' combined opposition to a preliminary injunction. Briefing the same issues on two separate, but overlapping, timelines is both confusing and an inefficient use of resources for the parties and the Court. Additionally, the motion to dismiss will undoubtedly have an effect on the current case schedule.

      Once FHWA makes its final determination, or if the Court finds there is a final agency action in its order on the pending preliminary injunction motions, only then does it make sense for Defendants to respond to Plaintiffs' operative complaint and file an administrative record.

Accordingly, Defendants respectfully request that the Court enter the case management plan and scheduling order described below:

| Event | Original Date | Proposed Date |
|---|---|---|
| Plaintiffs' deadline to file an Amended Complaint | April 18, 2025 | 14 days after FHWA responds to Plaintiffs' May 21, 2025 submission |
| Response to operative complaint and production of the administrative record | May 27, 2025 | 21 days after Plaintiff's file an Amended Complaint or, if no amended complaint is filed, 21 days after the deadline to file has expired |
| Motions to complete or supplement the record, or for extra record discovery | June 24, 2025 | 28 days after production of the administrative record |
| Opposition to discovery motion(s) | July 15, 2025 | 21 days after motions filed |
| Replies in support of discovery motions | July 29, 2025 | 14 days after oppositions filed |
| Defendants' motion for summary judgment | 30 days after the resolution of the last of any motions for discovery and completion of the last of any resulting discovery and/or supplementation of the record | Same |
| Plaintiffs' and Intervenors' cross-motions for summary judgment and opposition to Defendants' motion for summary judgment | 30 days after motions | Same |
| Defendants' reply in support of their motion for summary judgment and in opposition to Plaintiffs' and Intervenors' cross-motions for summary judgment | 14 days after cross-motions and opposition | Same |
| Plaintiffs' and Intervenors' replies in support of their motions for summary judgment | 14 days after reply and opposition | Same |

Page 3

Counsel for Defendants conferred with counsel for Plaintiffs and counsel for Intervenor-Plaintiffs by email on May 19, 2025 and May 20, 2025. Both Plaintiff parties opposed this request. The Plaintiffs asked the Government to include this statement:

> As we indicated the last time Defendants proposed extending these deadlines, on April 30, there is a pressing need to resolve this case quickly, given that Defendants continue to assert that Secretary Duffy terminated the VPPP Agreement on February 19 and determined on April 21 that they will implement compliance measures to enforce that decision as soon as May 28. ECF 71 at 1-2. It has been three months since the Secretary purported to terminate the VPPP Agreement—an agency action we challenged that same day—and Defendants have had more than enough time to prepare the administrative record with respect to that action. Similarly, Defendants have had a month since the Secretary's April 21 determination to prepare the administrative record with respect to that action, and Defendants themselves proposed the May 27 deadline. Defendants should proceed to produce the administrative record by May 27, as they previously agreed and as the Court has ordered.

Of course, Defendants only agreed to the May 27 deadline before the April 21 letter was sent and before the preliminary injunction motion was filed. When Plaintiffs requested leave to file their preliminary injunction motion, Defendants stated to Plaintiffs that the schedule should be adjusted for the preliminary injunction motion.

Defendants also tie their urgency with the possibility of compliance measures. But as the April 21 letter made clear, FHWA has not imposed any compliance measures and will only do so after it considers Plaintiffs submissions and makes a final determination.

At bottom, it will serve the judicial economy if the Court has the entire record before it and is not faced with deciding a motion to dismiss and a preliminary injunction motion on similar issues.

        Respectfully,

        YAAKOV M. ROTH
        Acting Assistant Attorney General

        STEPHEN ELLIOTT
        Assistant Director, Federal Programs

By:   /s/ Michael Bruns
        Michael Bruns
        Samuel S. Holt
        Trial Attorneys
        Federal Programs Branch
        Civil Division, Department of Justice
        1100 L Street NW
        Washington, DC 20005
        Telephone: 202-514-4011
        Email: michael.bruns@usdoj.gov

cc: All Counsel of Record (via ECF)