

NORTHEAST REGIONAL OFFICE

48 WALL STREET, 15TH FLOOR
NEW YORK, NY 10005-2903
T: 212.845.7376
F: 212.918.1556

May 20, 2025

**VIA CM/ECF**

The Honorable Lewis J. Liman
United States District Court, Southern District of New York
500 Pearl Street, Courtroom 15C
New York, NY 10007

  Re: *Metropolitan Transportation Authority v. Duffy,* No. 25 Civ. 1413 (LJL)

Dear Judge Liman:

  I write on behalf of Intervenor-Plaintiffs Riders Alliance and Sierra Club in opposition to the Defendants' letter motion to amend the case management plan and scheduling order. Defendants proposed the May 27 deadline for production of the administrative record, the parties agreed, and the Court ordered production by that date. Now, with one week to go, Defendants ask for an open-ended adjournment of the schedule they themselves sought. The Court should deny Defendants' request.

  This case arises from Defendant Duffy's February 19 decision purporting to terminate the congestion pricing program. At every stage Defendants have confirmed and doubled down on that decision, even as they now seek to evade their commitment to make public whatever record underlies it. Defendants' current theory[1] is that no record need be provided at this stage because Defendant Duffy's February 19 decision was merely a tentative, interim statement in an ongoing decisionmaking process rather than a decision carrying legal consequences. This fanciful argument contradicts both Defendant Duffy's actual words and Defendants' course of dealing with the parties and the Court.

  First, the letter on which Defendants rely expressly disavows any theory that the February 19 decision was nonfinal or carried no legal consequences. The April 21 letter states plainly: "On February 19, 2025, I terminated th[e VPPP] agreement." ECF No. 66-1 at 1.

---

  [1] In recent weeks, Defendants have floated a number of theories in the hopes of escaping the May 27 deadline they themselves proposed. First, in an email dated April 30, Defendants suggested that their obligation to produce the record be "adjourned sine die" because "a live controversy" might not exist if Defendants take some further actions in the future. ECF No. 71-1 at 5. Defendants next suggested, in an email sent yesterday, that the record should instead be delayed by 30 days "to give the Court time to decide the preliminary injunction motion." **Attachment 2** at 4. Today's request is once again for an open-ended adjournment to be set by reference to some future amended complaint.

Defendant Duffy further asserts that rights have been determined and that legal consequences flow directly from his February 19 decision. According to Defendant Duffy, "New York therefore is not legally permitted to collect tolls" that were authorized under the agreement. *Id.* The letter does not purport to reopen the February 19 decision; it instead demands compliance.

Second, Defendants' course of dealing with the Parties and the Court establishes that this last-ditch effort to avoid producing the record is baseless:

- On April 4, 2025, Defendants themselves proposed "that we produce the administrative record on May 27 – the same date our answers are due – and build the rest of the schedule from there." **Attachment 1** at 1.

- That same day, the parties submitted to the Court a joint letter reflecting agreement with Defendants' proposal. ECF No. 49. In the letter, the parties specifically discussed the possibility of preliminary injunction motions if Defendants took action to unilaterally alter the status quo by coercing compliance with Secretary Duffy's February 19 decision.

- On April 9, 2025, the Court held a conference and Defendants again agreed to produce the record on May 27. Order, ECF No. 57. During the April 9 conference, Defendants not only supported their requested May 27 record date, but continued to "maintain[] the position that New York City should stop charging tolls" as a result of Secretary Duffy's February 19 decision.

- That same day, the Court ordered production by Defendants' proposed date, and inquired specifically as to the extent of the materials Defendants intended to produce that would explain Secretary Duffy's February 19 decision. Because Defendants had not yet compiled the full record, the Court ordered that "Defendants shall inform the Court by no later than April 23, 2025 whether they anticipate the administrative record to include any documents other than Secretary Duffy's letter dated February 19, 2025." *Id.*

- On May 1, in response to my inquiry about whether Defendants understood the April 21 letter to somehow undermine the finality of the February 19 decision, Defendants confirmed that Secretary Duffy had not withdrawn his February 19 decision, and that "the April 21 letter reiterates that the VPPP agreement is terminated." ECF No. 71-1 at 3.

Defendants have provided no reason that they should be relieved of their commitment to produce the record underlying Secretary Duffy's February 19 decision. They argue that "Defendants only agreed to the May 27 deadline before the April 21 letter was sent and before the preliminary injunction motion was filed." But Defendants have confirmed that April 21 letter does not alter the February 19 decision, and Defendants proposed and agreed to the May 27 deadline with the full understanding, shared by the Parties and the Court, that preliminary

injunction briefing would likely become necessary if Defendants attempted to coerce an alteration of the status quo.

It is understandable that Defendants may be leery of defending the February 19 decision, and that they would prefer to modify their legal strategy and focus on later agency actions. But if they wish to do so, Defendants must withdraw the February 19 decision, rather than continue to insist on compliance with its terms. This case is about the February 19 decision, as is the operative intervenor complaint filed on April 18 by Sierra Club and Riders Alliance in accord with the Court's scheduling order. Defendants have committed to produce whatever record they can in support of that decision by next week, which is months after the challenged decision. An evident desire to change horses midstream does not constitute good cause to escape that commitment.

                                                Sincerely,
                                                *s/Dror Ladin*
                                                Dror Ladin
                                                Earthjustice
                                                48 Wall Street, 15th Floor
                                                New York, NY 10005
                                                (917) 410-8701
                                                dladin@earthjustice.org

                                                *Counsel for Intervenor-Plaintiffs*
                                                *Riders Alliance and Sierra Club*

cc: All counsel of record via CM/ECF