# Attachment 2

| | |
|---|---|
| **From:** | Dror Ladin |
| **To:** | Bruns, Michael (CIV); D. Brandon Trice; Poscablo, Christine (USANYS); Maximilian Crema; Harned, Christian (LAW); Frank, Andrew; Roberta Kaplan; Amy Cassidy; Morgan, Elizabeth; ch04374@recap.email; efile; Mariana Lo; Elizabeth Knauer; nduncan@sprlaw.com; jnelson; Mark Chertok; Taylor, Nathan (Law); Dane Warren; Docketing; Reo, Chris (Law); Wagner, Monica |
| **Cc:** | Elliott, Stephen M. (CIV); Holt, Samuel (CIV) |
| **Subject:** | RE: MTA v Duffy, Case 1:25-cv-01413-LJL |
| **Date:** | Tuesday, May 20, 2025 9:48:00 AM |

Hi Michael,

Thanks for your response. As I said last time, our case is about Secretary Duffy's February 19 decision that purported to "terminate" the congestion pricing program. You have continued to maintain that the February 19 decision is not withdrawn, and Secretary Duffy has likewise continued to insist on compliance with his February 19 decision. Therefore, neither your opposition to the preliminary injunction motion nor Secretary Duffy's series of escalating threats constitutes a material change from the understanding the parties and the Court had at the time the Court ordered the existing schedule.

We have followed the agreed-upon and court-ordered schedule in filing our amended complaint. We would expect the federal government to do the same, and to honor its commitment to submit an answer and record by the deadlines it committed to in both filed papers and conference representations submitted to the Court. Should Secretary Duffy withdraw the February 19 decision and his demands for compliance with that decision, we will of course be open to discussing a modified schedule.

Thanks,
Dror

---

**From:** Bruns, Michael (CIV) <Michael.Bruns@usdoj.gov>
**Sent:** Tuesday, May 20, 2025 9:35 AM
**To:** Dror Ladin <dladin@earthjustice.org>; D. Brandon Trice <btrice@kaplanmartin.com>; Poscablo, Christine (USANYS) <Christine.Poscablo@usdoj.gov>; Maximilian Crema <mcrema@kaplanmartin.com>; Harned, Christian (LAW) <chharned@law.nyc.gov>; Frank, Andrew <Andrew.Frank@ag.ny.gov>; Roberta Kaplan <RKaplan@kaplanmartin.com>; Amy Cassidy <acassidy@sprlaw.com>; Morgan, Elizabeth <Elizabeth.Morgan@ag.ny.gov>; ch04374@recap.email; efile <efile@earthjustice.org>; Mariana Lo <mlo@earthjustice.org>; Elizabeth Knauer <eknauer@sprlaw.com>; nduncan@sprlaw.com; jnelson <jnelson@sprlaw.com>; Mark Chertok <mchertok@sprlaw.com>; Taylor, Nathan (Law) <ntaylor@law.nyc.gov>; Dane Warren <dwarren@sprlaw.com>; Docketing <docketing@kaplanmartin.com>; Reo, Chris (Law) <creo@law.nyc.gov>; Wagner, Monica <Monica.Wagner@ag.ny.gov>
**Cc:** Elliott, Stephen M. (CIV) <Stephen.M.Elliott@usdoj.gov>; Holt, Samuel (CIV) <Samuel.Holt2@usdoj.gov>
**Subject:** RE: MTA v Duffy, Case 1:25-cv-01413-LJL

**External Sender**

Hi Dror,

**Happy to provide more explanation.** NYSDOT's, TBTA's, and NYCDOT's responses to FHWA are due on May 21, and the FHWA will consider them and make a written determination. Even if NYSDOT, TBTA, and NYCDOT do not respond, the written determination will necessarily be part of any administrative record necessary for effective judicial review. Moreover, Plaintiffs/Intervenors will presumably seek to amend their complaints after the FHWA's determination is issued. Thus, extending the current deadlines will be the most efficient way to litigate the case.

As the case stands, we raised numerous threshold issues with your cause of action in our opposition to your preliminary injunction motion. Should the Court rule in our favor on any one of these issues, the case should be dismissed. Given the claims as currently pled, we anticipate filing a motion to dismiss instead of an answer, at the appropriate time. Waiting until the FHWA makes a written determination may avoid unnecessary motion practice.

I'm glad you asked because it helped clarify my thinking. It would make more sense to suspend the deadline to answer until the administrative process plays out rather than potentially request serial 30-day extensions.

We propose the following amendments to the case management schedule. If you do not consent, we will note that in our letter to the Court.

1. Defendants' current deadline to respond to the amended complaints and current deadline to produce the administrative record shall be stayed ~~adjourned sine die~~.
2. To the extent a live controversy exists after any final determination is made, Plaintiffs and Intervenor-Plaintiffs shall serve further amended complaints within 14 days of that determination.
3. Defendants shall respond to any further amended complaint(s) within 21 days of service.
4. To the extent Defendants determine to answer those further amended complaint(s), Defendants shall produce the administrative record at the same time as the answer(s)
5. Motions to complete or supplement the record, or for extra-record discovery, shall be due four weeks after the administrative record is produced, oppositions to such motions shall be due three weeks thereafter, and replies shall be due two weeks thereafter.
6. The schedule for summary judgment motions, as reflected in ECF No. 57, shall remain the same.

This schedule gives the Court ample time to consider the preliminary injunction motion, Plaintiffs to draft an amended complaint, and Defendants to respond.

Michael

**From:** Dror Ladin <dladin@earthjustice.org>

**Sent:** Monday, May 19, 2025 6:08 PM
**To:** Bruns, Michael (CIV) <Michael.Bruns@usdoj.gov>; D. Brandon Trice <btrice@kaplanmartin.com>; Poscablo, Christine (USANYS) <Christine.Poscablo@usdoj.gov>; Maximilian Crema <mcrema@kaplanmartin.com>; Harned, Christian (LAW) <chharned@law.nyc.gov>; Frank, Andrew <Andrew.Frank@ag.ny.gov>; Roberta Kaplan <RKaplan@kaplanmartin.com>; Amy Cassidy <acassidy@sprlaw.com>; Morgan, Elizabeth <Elizabeth.Morgan@ag.ny.gov>; ch04374@recap.email; efile <efile@earthjustice.org>; Mariana Lo <mlo@earthjustice.org>; Elizabeth Knauer <eknauer@sprlaw.com>; nduncan@sprlaw.com; jnelson <jnelson@sprlaw.com>; Mark Chertok <mchertok@sprlaw.com>; Taylor, Nathan (Law) <ntaylor@law.nyc.gov>; Dane Warren <dwarren@sprlaw.com>; Docketing <docketing@kaplanmartin.com>; Reo, Chris (Law) <creo@law.nyc.gov>; Wagner, Monica <Monica.Wagner@ag.ny.gov>
**Cc:** Elliott, Stephen M. (CIV) <Stephen.M.Elliott@usdoj.gov>; Holt, Samuel (CIV) <Samuel.Holt2@usdoj.gov>
**Subject:** [EXTERNAL] RE: MTA v Duffy, Case 1:25-cv-01413-LJL

Michael,

We have already had one exchange about the answering deadline, where your side sought to adjourn entirely the AR and answer deadline. At the time I wrote:

> I don't think I understand the proposed modification to the scheduling order. You refer in your email to DOT's April 21 letter as establishing a new schedule for a "final determination," and raise the possibility that there may be no "live controversy exist[ing] after any final determination is made." But this case arises from the Defendants' purported termination of the congestion pricing program, and Secretary Duffy reiterates in the April 21 letter his claim to have already unilaterally "terminated" the VPPP agreement, as well as his demand for an "orderly shutdown" of the tolling program. Is it your understanding that Secretary Duffy has in fact withdrawn his decision, along with his demand for a shutdown of tolling?

The response from your side was that Secretary Duffy had not withdrawn the February 19 decision. If that remains the case, then I am not sure why the previous scheduling order should be modified.

You state that it makes sense to delay your filing deadlines "to give the Court time" to decide the PI. But why would your fulfillment of the obligation to answer and supply the record require waiting for the court? Judge Liman set the schedule based on the understanding that federal government had announced various deadlines and made vague threats about coercing compliance with the challenged February 19 decision, and with the further understanding that at least some parties would seek preliminary relief sought if the government's threats became more concrete. All of that was discussed at the scheduling conference and in our papers. When Secretary Duffy in fact issued more concrete threats, the Court set a preliminary injunction schedule while leaving the previous briefing schedule intact.

I remain confused about why either the PI motion or the April 21 letter constitute a change that should lead to an alteration of our agreed-upon and court-ordered schedule. Without an explanation I can't consent.

Thanks,
Dror

**From:** Bruns, Michael (CIV) <Michael.Bruns@usdoj.gov>
**Sent:** Monday, May 19, 2025 4:14 PM
**To:** D. Brandon Trice <btrice@kaplanmartin.com>; Poscablo, Christine (USANYS) <Christine.Poscablo@usdoj.gov>; Dror Ladin <dladin@earthjustice.org>; Maximilian Crema <mcrema@kaplanmartin.com>; Harned, Christian (LAW) <chharned@law.nyc.gov>; Frank, Andrew <Andrew.Frank@ag.ny.gov>; Roberta Kaplan <RKaplan@kaplanmartin.com>; Amy Cassidy <acassidy@sprlaw.com>; Morgan, Elizabeth <Elizabeth.Morgan@ag.ny.gov>; ch04374@recap.email; efile <efile@earthjustice.org>; Mariana Lo <mlo@earthjustice.org>; Elizabeth Knauer <eknauer@sprlaw.com>; nduncan@sprlaw.com; jnelson <jnelson@sprlaw.com>; Mark Chertok <mchertok@sprlaw.com>; Taylor, Nathan (Law) <ntaylor@law.nyc.gov>; Dane Warren <dwarren@sprlaw.com>; Docketing <docketing@kaplanmartin.com>; Reo, Chris (Law) <creo@law.nyc.gov>; Wagner, Monica <Monica.Wagner@ag.ny.gov>
**Cc:** Elliott, Stephen M. (CIV) <Stephen.M.Elliott@usdoj.gov>; Holt, Samuel (CIV) <Samuel.Holt2@usdoj.gov>
**Subject:** MTA v Duffy, Case 1:25-cv-01413-LJL

**External Sender**

Counsel,

Given the current PI motion, we think it makes sense to extend the deadline for the answer and production of the AR to give the Court time to decide the preliminary injunction motion. Would Plaintiffs consent to a 30 day extension of these deadlines?

Best,

Michael

**Michael Bruns, Trial Attorney**
Civil Division | U.S. Department of Justice
Federal Programs Branch
T: (202) 514-4011 | F: (202) 307-0345