UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

METROPOLITAN TRANSPORTATION
AUTHORITY & TRIBOROUGH BRIDGE
AND TUNNEL AUTHORITY,

        Plaintiffs,

NEW YORK STATE DEPARTMENT OF
TRANSPORTATION, RIDERS ALLIANCE,
SIERRA CLUB, & NEW YORK
DEPARTMENT OF TRANSPORTATION

        Intervenor-Plaintiffs,

v.

SEAN DUFFY, et al.

        Defendants.

Case No. 25-cv-01413-LJL

## CERTIFICATION OF RICHARD J. MARQUIS

I, Richard J. Marquis, pursuant to 28 U.S.C. § 1746, certify as follows:

1. I am over the age of 18 years. I am competent to testify to, and have personal knowledge of, the matters set forth herein.

2. I am a resident of _New York_, and my business address is _11A Clinton Avenue, Suite 719, Albany, NY 12207_.

3. I am currently the Division Administrator with the Federal Highway Administration (FHWA) New York Division and have served in this capacity since _2019_.

4. I started with the U.S. Department of Transportation (USDOT), Federal Highway

Administration (FHWA) in _1996_. In _2019_, I became the New York Division Administrator.

5. As the Division Administrator, I am familiar with FHWA's review of the Central Business District Tolling Program (the CBDTP) sponsored by the New York State Department of Transportation (NYSDOT), New York City Department of Transportation (NYCDOT), and the Triborough Bridge and Tunnel Authority (TBTA), an affiliate of the Metropolitan Transportation Authority (MTA) (hereinafter, "project sponsors"). I am familiar with value pricing pilot program tolling agreement (tolling agreement) between the FHWA and the project sponsors. I am also familiar with the USDOT's decision to terminate the tolling agreement.

6. In my capacity as the Division Administrator, I also oversaw the coordination and compilation of the FHWA administrative record for the termination of the tolling agreement for the CBDTP. I coordinated an exhaustive search to locate, evaluate, and identify documents upon which the U.S. Department of Transportation decisionmaker directly or indirectly considered in terminating the CBDTP tolling agreement. The record does not include deliberative materials. *See Comprehensive Cmty. Dev. Corp. v. Sebelius*, 890 F. Supp. 2d 305, 308-09 (S.D.N.Y. 2012) (articulating standard governing scope of the administrative record); *id.* at 312 (recognizing that "deliberative materials antecedent to the agency's decision fall outside the administrative record").

7. To the best of my knowledge and based on my personal involvement in compiling the Administrative Record, the index, attached hereto, and record documents submitted to the Court and provided to Plaintiffs' counsel constitute a true, correct, and complete copy of the Administrative Record.

8. To the best of my knowledge, each document contained in the administrative record is a true and correct copy of the original document located in the files of the FHWA.

9. In accordance with 28 U.S.C. § 1746, I certify and declare, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed this 27th day of May, 2025.

RICHARD J. MARQUIS