**U.S. Department of Justice**

*Civil Division*
*Federal Programs Branch*

---

*1100 L St NW*
*Washington, D.C. 20012*

June 5, 2025

**BY ECF**
The Honorable Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 15C
New York, NY 10007

    Re: *MTA, et al. v. Duffy, et al.*, No. 25 Civ. 1413 (LJL)

Dear Judge Liman:

  We write respectfully on behalf of the Defendants, Plaintiffs Metropolitan Transportation Authority and Triborough Bridge and Tunnel Authority, and Intervenor-Plaintiffs New York State Department of Transportation, New York City Department of Transportation, Riders Alliance, and Sierra Club to jointly request that the Court amend the current case schedule set forth at ECF No. 57 and adopt the revised schedule proposed below. Good cause exists for this request, as it effectuates the Court's directive at the May 27, 2025 hearing that the parties confer on how to advance the case more expeditiously to a final judgment.

  The parties agree on and propose the following schedule:

- Defendants do not need to file an answer to the operative complaints (ECF Nos. 63, 96) and are excused from the current deadline of June 6, 2025 (ECF No. 134). By agreement of the parties, this does not constitute an admission or denial of any allegation set forth in the operative complaints.[1]

- Plaintiffs and Intervenor-Plaintiffs do not intend to seek discovery at this time but reserve the right to do so.

- Plaintiffs and Intervenor-Plaintiffs will file one or more motions for summary judgment or motions for partial summary judgment sufficient to fully determine relief on or before June 27, 2025. The total combined length of all such motions will not exceed 50 pages, excluding non-substantive content like table of contents

---

[1] Under Federal Rule of Civil Procedure 56(b), motions for summary judgment can be filed and decided "at any time," even before a defendant answers the complaint. *See Altman v. Curtiss-Wright Corp.*, 124 F.2d 177, 178 (2d Cir. 1941) (Hand, J.) (affirming grant of summary judgment before defendant answered); *Jones v. U.S. Dep't of Just.*, 601 F. Supp. 2d 297, 302 (D.D.C. 2009) ("A defendant, however, is not required to respond in the form of an answer before making a motion for summary judgment, which may be made by a defending party 'at any time.'" (citing Fed. R. Civ. P. 56(b))); *Hubicki v. ACF Indus., Inc.*, 484 F.2d 519, 522 (3d Cir. 1973) (same); *Gifford v. Travelers Protective Ass'n of Am.*, 153 F.2d 209, 210–11 (9th Cir. 1946) (same).

- and table of authorities. This 50-page limit applies collectively to Plaintiffs and Intervenor-Plaintiffs, regardless of whether they file a single combined motion or multiple separate motions. Where appropriate and to avoid repetition, Plaintiffs will incorporate by reference arguments previously made in the preliminary injunction briefing.

- Defendants will file a cross-motion for summary judgment on or before June 27, 2025. Defendant's cross-motion will not exceed 50 pages, excluding non-substantive pages. Where appropriate and to avoid repetition, Defendants will incorporate by reference arguments previously made in the preliminary injunction briefing. Any avoidance or defense not raised in Defendants' cross-motion for summary judgment shall be deemed waived, as though Defendants had filed an answer and had failed to raise the avoidance or defense therein.

- Plaintiffs and Intervenor-Plaintiffs will file one or more combined opposition-reply briefs on or before July 18, 2025. The total combined length of such briefs will be proposed by Plaintiffs and Intervenor-Plaintiffs following the submission of the cross-motions for summary judgment. Where appropriate and to avoid repetition, Plaintiffs will incorporate by reference arguments previously made in the preliminary injunction briefing.

- Defendants will file a combined opposition-reply brief on or before July 18, 2025. The total combined length of such briefs will be proposed by Defendants following the submission of the cross-motions for summary judgment. Where appropriate and to avoid repetition, Defendants will incorporate by reference arguments previously made in the preliminary injunction briefing.

The parties respectfully request that the Court enter an order consistent with the parties' above agreement.

Respectfully,

SO ORDERED.

LEWIS J. LIMAN
United States District Judge

June 6, 2025

YAAKOV M. ROTH
Acting Assistant Attorney General

STEPHEN ELLIOTT
Assistant Director, Federal Programs

By: /s/ Michael Bruns
Michael Bruns
Samuel S. Holt
Trial Attorneys
Federal Programs Branch
Civil Division, Department of Justice
1100 L Street NW
Washington, DC 20005