UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| METROPOLITAN TRANSPORTATION AUTHORITY, et al.<br><br>    Plaintiff,<br><br>    v.<br><br>SEAN DUFFY, et al.<br><br>    Defendants. | Case No. 25-cv-1413 (LJL) |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION OF REGIONAL PLAN ASSOCIATION, INC. FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF

ARENTFOX SCHIFF LLP
Brian Farkas
James G. Pizzo
1301 Avenue of the Americas, 42nd Floor
New York, New York 10019
(212) 484-3900
brian.farkas@afslaw.com
james.pizzo@afslaw.com

*Attorneys for Proposed Amicus Curiae*
*Regional Plan Association*

Regional Plan Association, Inc. ("RPA") respectfully submits this Memorandum of Law in support of its Motion for leave to file a brief as *amicus curiae* in the above-captioned matter in support of Plaintiff Metropolitan Transportation Authority's Motion for Summary Judgment. RPA's Proposed Amicus Brief is attached hereto as **Exhibit A**.[1]

## INTEREST OF *AMICUS CURIAE*

Founded in 1922, RPA is an independent, non-profit, civic organization that develops and promotes plans and strategies to improve the economic health, environmental resiliency, equity, and quality of life of the New York, New Jersey, and Connecticut metropolitan area.[2] Central to RPA's mission is the development of long-range plans and policies to guide the region's growth. Through comprehensive independent research, strategic planning, and robust public engagement, RPA has been at the forefront of urban planning in the tri-state area. The organization advises cities, communities, and agencies on development-related issues, such as the environment, land use, and good governance. RPA also hosts annual conferences, at which leaders and professionals from government, business, and civic groups debate the region's most pressing challenges.

Accordingly, the topics at issue in this litigation relating to New York City's congestion pricing program are highly relevant to RPA's work and purpose. RPA has been deeply involved in researching and developing the efficacy of the congestion pricing program, and believes it can add important perspective for the Court's consideration. Notably, RPA has only participated as *amicus curiae* a small handful of times in its century-long history. That fact highlights the significance of this litigation as well as the genuine interest that RPA holds in its outcome.

---

[1] Attached hereto as **Exhibit B** is a Declaration from Rachel Weinberger, PhD, who is RPA's Peter W. Herman Chair for Transportation. Dr. Weinberger offers to testify as a witness regarding RPA's *Amicus Brief* and related analysis should the Court find that testimony to be helpful.

[2] *See* "About," REGIONAL PLAN ASSOCIATION, available at https://rpa.org/about (June 30, 2025).

## LEGAL STANDARD

The decision of whether to permit the filing of an amicus curiae brief "lies in the 'firm discretion' of the district court." *Sec. & Exch. Comm'n v. Ripple Labs, Inc.*, No. 20 Civ. 10832, 2021 WL 4555352, at *5 (S.D.N.Y. Oct. 4, 2021) (quoting *Lehman XS Tr., Series 2006-GP2 v. Greenpoint Mortg. Funding, Inc.*, No. 12 Civ. 7935, 2014 WL 265784, at *1 (S.D.N.Y. Jan. 23, 2014). The Federal Rules of Civil Procedure do not include any "governing standard, rule or statute prescribing the procedure for obtaining leave to file an amicus brief in the district court." *Onondaga Indian Nation v. State of New York*, 1997 WL 369389, at *2 (S.D.N.Y. June 25, 1997) (quotations and citations omitted).[3] "What is clear, however, is that district courts have broad inherent authority to permit or deny an appearance as amicus curiae in a case." *Goldstein v. Hochul*, No. 22-CV-8300, 2022 WL 22915988, at *1 (S.D.N.Y. Oct. 19, 2022).

Participation as an *amicus curiae* is appropriate when "the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Ripple Labs, Inc.*, 2021 WL 4555352, at *5 (S.D.N.Y. Oct. 4, 2021). "The main function of an *amicus* is to assist courts in reaching the correct decision in a case where the general public interest is at stake." *Muchmore's Cafe, LLC v. City of New York*, No. 14-CV-5668, 2018 WL 3489556, at *2 (E.D.N.Y. July 19, 2018); *see Andersen v. Leavitt*, No. 03-CV-6115, 2007 WL 2343672, at *2 (E.D.N.Y. Aug. 13, 2007) ("The court is more likely to grant leave to appear as an *amicus curiae* in cases involving matters of public interest") (quoting 4 Am. Jur. 2d Amicus Curiae § 3 (2007))).

---

[3] While Fed. R. App. P. 29 governs *amicus* briefs in the circuit courts, no analogous rule governs such filings in the district courts. Still, district courts will sometimes look to the discretionary standards of Rule 29 for guidance. *Auto. Club of New York, Inc. v. Port Auth. of New York & New Jersey*, No. 11 Civ. 6746, 2011 WL 5865296, at *1 n.1 (S.D.N.Y. Nov. 22, 2011) (collecting cases).

## ARGUMENT

RPA respectfully requests that the Court grant it leave to file an *amicus curiae* brief in this matter. As demonstrated above, RPA plays an integral role in the development and promotion of large-scale planning in the New York City metropolitan region, which is being directly affected by the issues raised in this litigation, namely New York's Central Business District Tolling Program. RPA's nonpartisan research, comprehensive independent analysis, and robust public engagement places it in a unique position to assist the Court in understanding questions surrounding the Tolling Program.

Furthermore, where a litigation concerns matters of significant public interest, courts are more likely to entertain *amici curiae* briefs. That is certainly the case here. The future of the Tolling Program will impact millions of commuters in the tri-state area, as well as significant local, state, and federal planning efforts. Because this litigation concerns matters of widespread public interest, RPA believes that its perspective can provide valuable assistance to the Court.

## CONCLUSION

For the foregoing reasons, RPA respectfully requests that this Court grant RPA's Motion for Leave to file its proposed *amicus curiae* brief.

Dated: New York, NY
      June 30, 2025

                                          ARENTFOX SCHIFF LLP

                                          */s/ Brian Farkas*
                                          Brian Farkas
                                          James G. Pizzo
                                          1301 Avenue of the Americas, 42nd Floor
                                          New York, New York 10019
                                          (212) 484-3900
                                          brian.farkas@afslaw.com
                                          james.pizzo@afslaw.com

                                          *Attorneys for Proposed Amicus Curiae*
                                          *Regional Plan Association, Inc.*

## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that on June 30, 2025, I electronically filed the attached Notice of Motion with the Clerk of the Court of the U.S. District Court for the Southern District of New York by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

                */s/ Brian Farkas*
                Brian Farkas