UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| METROPOLITAN TRANSPORTATION AUTHORITY and TRIBOROUGH BRIDGE AND TUNNEL AUTHORITY,<br><br>       *Plaintiffs*,<br><br>and<br><br>NEW YORK STATE DEPARTMENT OF TRANSPORTATION, RIDERS ALLIANCE, SIERRA CLUB, and NEW YORK CITY DEPARTMENT OF TRANSPORTATION,<br><br>       *Intervenor-Plaintiffs*,<br><br>       v.<br><br>SEAN DUFFY, in his official capacity as Secretary of the United States Department of Transportation, GLORIA M. SHEPHERD, in her official capacity as Executive Director of the Federal Highway Administration, UNITED STATES DEPARTMENT OF TRANSPORTATION, and FEDERAL HIGHWAY ADMINISTRATION,<br><br>       *Defendants*. | Case No. 25 Civ. 1413 (LJL) |

**DECLARATION OF D. BRANDON TRICE IN SUPPORT OF
MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT AND IN FURTHER SUPPORT OF
PLAINTIFFS THE MTA AND TBTA AND INTERVENOR-PLAINTIFF NYCDOT'S
<u>MOTION FOR PARTIAL SUMMARY JUDGMENT</u>**

I, D. Brandon Trice, declare under penalty of perjury as follows:

1. I am a member of the bar of the State of New York and am admitted to appear before this Court. I am a partner in the law firm Kaplan Martin LLP, counsel for Plaintiffs the

Metropolitan Transportation Authority ("MTA") and Triborough Bridge and Tunnel Authority ("TBTA") in the above-captioned action.

2. I respectfully submit this Declaration pursuant to Rule 56(d) of the Federal Rules of Civil Procedure in support of Plaintiffs the MTA and TBTA and Intervenor-Plaintiff New York City Department of Transportation's ("NYCDOT"; together with the MTA and TBTA, "Plaintiffs") opposition to Defendants' motion for summary judgment and in further support of Plaintiffs' motion for partial summary judgment.[1]

3. Plaintiffs commenced this action on February 19, 2025, the same day that Secretary Duffy sent a letter to Governor Hochul purporting to rescind Defendants' approval of the Central Business District Tolling Program (the "Program") and terminate the VPPP Agreement. On April 4, 2025, the parties jointly submitted a letter detailing their proposed case management schedule, in which Plaintiffs indicated that they "may want to seek discovery, including extra-record discovery or to supplement or complete the administrative record." ECF 49 at 1-2. On April 9, after discussion at the initial pretrial conference, the Court entered an Order directing Defendants to submit the administrative record by May 27, 2025 and setting June 24, 2025 as the deadline for "motions to complete or supplement the record, or for extra record discovery." ECF 57.

4. Defendants filed the administrative record on May 27, 2025. However, the 1,389-page administrative record consists nearly entirely of Plaintiffs' filings in this case.[2] For example, the February 19 Letter, filed now as DOT_0047570-74, was before the Court as ECF 87-5; the

---

[1] Unless otherwise noted herein, all defined terms have the same meaning as provided in Plaintiffs' briefing on their motion for a preliminary injunction (ECF 83, 124).

[2] Defendants have also incorporated by reference the administrative record previously filed in prior litigation challenging FHWA's NEPA review of the Program, all of which pre-dates Secretary Duffy's incumbency. ECF 130.

March 20 Letter, now DOT_0047576, was ECF 87-8; and the April 21 Letter, now DOT_0047577-80, was ECF 87-10. The administrative record also contains Plaintiffs' Second Amended Complaint, DOT_0048039-158, as well as the declarations and exhibits submitted by Plaintiffs in support of their motion for a preliminary injunction, DOT_0047883-94 (Declaration of Kevin Willens); DOT_0047967-87 (Declaration of Allison L. C. de Cerreño, Ph.D.); DOT_0047917-26 (Declaration of William Carry); DOT_0047927-65 (Declaration of D. Brandon Trice). As far as we have determined, the only new documents submitted by Defendants as part of the administrative record on May 27 are NYSDOT's response to the April 21 Letter and two letters from New Jersey officials that are not relevant to the merits.

5. On May 28, the Court granted Plaintiffs' motion for a preliminary injunction, specifically concluding that Plaintiffs were likely to succeed in establishing jurisdiction because they have challenged a final agency action, the challenge is ripe, and the Tucker Act does not deprive the Court of jurisdiction. *Metro. Transp. Auth. v. Duffy*, --- F. Supp. 3d ---, 2025 WL 1513369, at *18-26 (S.D.N.Y. May 28, 2025). Given its conclusion that Plaintiffs were likely to succeed on the merits of certain claims sufficient to invalidate Defendants' purported termination of the VPPP Agreement and rescission of VPPP approval, the Court found that it was unnecessary to address Plaintiffs' claims that Defendants' threatened "compliance measures" violate the Spending Clause, the Tenth Amendment, and the Separation of Powers (Counts IX, X), because any ruling on the claims would amount to "an advisory opinion." *Id.*

6. On May 27, 2025 at the hearing on Plaintiffs' Motion for Preliminary Injunction, the Court stated that "there is a public interest in moving the case along and if there are steps that can be taken to do that including having the summary judgment papers go in more quickly, or

limiting the amount of discovery that may be necessary with respect to the administrative record, I would ask that you take that." ECF 153-1 at 65:2-7.

7.     Given both the Court's ruling that it was unnecessary to address several of Plaintiffs' claims to provide relief, and the Court's comments at the May 27 hearing, Plaintiffs entered into an agreement with Defendants to expedite the proceedings, which the parties documented in their joint letter motion to expedite proceedings, dated June 5, 2025. ECF 138. As documented in the joint letter, Plaintiffs agreed to forego the opportunity "to seek discovery at this time but reserve[d] the right to do so." *Id.* at 1. Plaintiffs also agreed that Defendants should be permitted to file a summary judgment brief in lieu of an answer, in order to expedite proceedings. *Id.*

8.     In addition, Plaintiffs moved for summary judgment solely on their APA claims (apart from pretext) (Counts I-IV) and on their *ultra vires* claim (Count VII) since those claims do not require discovery and are sufficient to obtain the full relief that Plaintiffs seek. Defendants have moved for summary judgment on all of Plaintiffs' claims, including Plaintiffs' Pretext, Due Process, Tenth Amendment and Spending Clause, and Separation of Powers claims (Counts V, VI, IX, X) (the "Discovery Claims").

9.     Defendants are not entitled to summary judgment on the Discovery Claims because, in addition to the questions of material fact raised by the existing record, there are likely to be material facts supporting these claims that are presently unavailable to Plaintiffs because, pursuant to our agreement with Defendants to expedite proceedings, we have not yet pursued discovery. Accordingly, pursuant to Rule 56(d), Plaintiffs respectfully submit that, in the event that the Court does not deny Defendants' motion as to the Discovery Claims on the merits or because it is unnecessary to reach those claims to enter judgment in Plaintiffs' favor, the Court should deny

Defendants' motion as to the Discovery Claims without prejudice, or postpone ruling on the motion until Plaintiffs have had an opportunity to seek discovery.

10.     Attached hereto as **Exhibit 1** is a true and correct copy of the letter from Joe DeLorenzo, Associate Administrator for Transit Safety and Oversight and Chief Safety Officer, Federal Transit Administration, to Janno Lieber, Chair and Chief Executive Officer, Metropolitan Transportation Authority, dated July 7, 2025.

11.     Attached hereto as **Exhibit 2** is a true and correct copy of the letter from Demetrius Crichlow, President, New York City Transit, to Joe DeLorenzo, Associate Administrator for Transit Safety and Oversight and Chief Safety Officer, Federal Transit Administration, dated July 16, 2025.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: July 18, 2025                                         */s/ D. Brandon Trice*
New York, New York                                      D. Brandon Trice