

1133 Avenue of the Americas
Suite 1500
New York, New York 10036

(212) 316-9500
rkaplan@kaplanmartin.com

August 29, 2025

**BY CM/ECF**

The Honorable Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl St.
New York, N.Y. 10007

      Re:    *Metro. Transp. Auth., et al. v. Duffy, et al.*, No. 25 Civ. 1413 (LJL)

Dear Judge Liman:

      We write on behalf of Plaintiffs the Metropolitan Transportation Authority ("MTA") and the Triborough Bridge and Tunnel Authority ("TBTA") to notify the Court of a supplemental authority that is potentially relevant to issues concerning the Tucker Act that are currently pending before Your Honor in connection with the parties' cross-motions for summary judgment. *See generally* MTA et al.'s Mem. of L. in Supp. of Mot. Summ. J., at 12-15, ECF 152; MTA et al.'s Mem. of L. in Opp. to Defs.' Mot. Summ. J. & in Further Supp. of MTA et al.'s Mot. Summ. J., at 10-13, ECF 168.

      On August 21, 2025, the United States Supreme Court issued an order in *National Institutes of Health v. American Public Health Association*, No. 25A103, 606 U.S. ___, 2025 WL 2415669 (Aug. 21, 2025) ("Or."), a copy of which is attached as Exhibit A. *National Institutes of Health*'s relevance is limited because it primarily relates to claims concerning money-mandating grant agreements, which are materially different from the claims at issue here. However, it does serve to reinforce this Court's finding that the Tucker Act does not apply. *See Metro. Transp. Auth. v. Duffy*, ___ F. Supp. 3d ___, 2025 WL 1513369, at *26 (May 28, 2025) (Liman, J.).

      In its order, the Supreme Court granted the government's application to stay "as to the District Court's judgment vacating the Government's termination of various research-related grants," stating that the Administrative Procedure Act's "'limited waiver of sovereign immunity' does not provide the District Court with jurisdiction to adjudicate claims 'based on' the research-related grants or to order relief designed to enforce any 'obligation to pay money' pursuant to those

grants." Or. at *1 (quoting *Dep't of Educ. v. California*, 604 U.S. ___, 145 S. Ct. 966, 968 (2025) (*per curiam*)); *compare Duffy*, 2025 WL 1513369, at *25 ("This is not a case in which the terms and conditions of some individual grant are at issue such that Plaintiffs seek an order 'to enforce a contractual obligation to pay money'") (quoting *California*, 145 S. Ct. at 968). However, the Court "otherwise denied" the government's application, which also sought a stay of the district court's order vacating the National Institutes of Health's ("NIH") guidance documents ordering the termination of certain categories of grants. *Id.*

Because four justices would have granted the government's motion in full and four justices would have denied it in full, Justice Barrett's concurring opinion granting in part and denying in part the application was dispositive. In her opinion, Justice Barrett elaborated on the distinction between the district court's order vacating NIH's guidance documents, for which the district court likely had jurisdiction, and its order directing "the Government to pay plaintiffs sums," for which the district court likely lacked jurisdiction. *See* Or. at *3-4 (Barrett, J., concurring). As relevant here, she clarified that the Supreme Court's prior order in *California* did not deprive the district court of jurisdiction to hear the plaintiffs' APA challenges to the agency's guidance documents, even where those documents "related to grants." *Id.* at *2 (that grants are involved "does not transform a challenge to [the guidance documents] into a claim 'founded . . . upon' contract"). Conversely, she explained that the Tucker Act likely did deprive the district court of jurisdiction to order "the Government to pay plaintiffs sums due under the agreements." *Id.* at *4; *see also id.* at *4-5 (analogizing to takings claims that seek compensation which must be brought in the Court of Federal Claims).

We thank the Court for its consideration and are prepared to submit supplemental briefing if directed by the Court.

                              Respectfully submitted,

                              Roberta A. Kaplan

cc:      Counsel of Record (via ECF)