**U.S. Department of Justice**

*Civil Division*
*Federal Programs Branch*

---

*1100 L St NW*
*Washington, D.C. 20012*

September 8, 2025

**BY ECF**
The Honorable Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 15C
New York, NY 10007

        Re:  *MTA, et al. v. Duffy, et al.*, No. 25 Civ. 1413 (LJL)

Dear Judge Liman:

        We write respectfully on behalf of Defendants to respond to MTA and TBTA's ("Plaintiffs") August 29, 2025 Notice of Supplemental Authority (ECF 173).

        In their letter, Plaintiffs claim that the Supreme Court's stay decision in *Nat'l Institutes of Health v. Am. Pub. Health Ass'n*, No. 25A103, 2025 WL 2415669, at *1 (U.S. Aug. 21, 2025) supports their position on jurisdiction. But that decision—and the recent cases applying it—reinforces that jurisdiction over this contractual dispute lies solely in the Court of Federal Claims.

        In their notice, Plaintiffs try to equate the notice of termination of the VPPP Agreement with the internal guidance document at issue in *National Institutes of Health*, but that analogy is misplaced. Justice Barrett's concurrence makes the opposite point Plaintiffs want—it underscores that under *Department of Ed. v. California*, 145 S.Ct. 966 (2025) (per curiam), all express and implied contractual disputes, including disputes over agreement terminations, may proceed solely in the Court of Federal Claims, while disputes over "internal guidance documents describing . . . priorities" may belong in federal district court. *Nat'l Institutes of Health*, 2025 WL 2415669 at *1–3 (Barrett, J., concurring). But here, Plaintiffs contest the notice of termination of the VPPP Agreement, not an *internal* guidance document. *See* Defs.' Mem. at 13–58.

        Recent decisions applying the Supreme Court's stay ruling confirm this point. *See Climate United Fund v. Citibank, N.A.*, No. 25-5122, 2025 WL 2502881, at *8 (D.C. Cir. Sept. 2, 2025) (citing *Nat'l Institutes of Health*, 2025 WL 2415669); *Appalachian Voices v. EPA*, No. CV 25-1982 (RJL), 2025 WL 2494905, at *5 (D.D.C. Aug. 29, 2025) (citing *Nat'l Institutes of Health*, 2025 WL 2415669).

        In *Climate United Fund*, the D.C. Circuit rejected arguments nearly identical to those Plaintiffs press here and reversed a district court's preliminary injunction against agreement terminations. 2025 WL 2502881. The D.C. Circuit first held that disputes over the termination of agreements created by offer, acceptance, and consideration are contractual disputes reserved for the Court of Federal Claims. *Id.* at * 9. As explained in Defendants' briefing, the VPPP Agreement here was likewise created by offer, acceptance, and consideration, placing any dispute over its termination outside of this Court's jurisdiction. *See* Defs.' Mem. at 26–30. Second, the plaintiffs in *Climate United Fund* argued that their rights were derived from statutes or regulations because

Page 2

the agency did not terminate according to 2 C.F.R. § 200.340(a)(4), just as Plaintiffs argue here. 2025 WL 2502881 at *5; *see* MTA, TBTA, & NYCDOT Mem. ISO Mot. for Partial Summ. J. at 22, ECF 152 (arguing that they "do not rely on the VPPP Agreement as the 'source' of any rights, but instead seek to vacate the February 19 Letter, and permanently enjoin the Secretary from enforcing it, because the February 19 Letter is contrary to . . . *Defendants' own regulations*" (emphasis added)).  The D.C. Circuit rejected that position, holding that such "regulatory claims are essentially contractual." *Id*. at *5–6 ("[I]f the mere allegation of violations of the regulations governing federal contracting and grantmaking were to bring claims of this type within the jurisdiction of the district court, Congress' intent to limit contract remedies against the government to damages in the Court of Federal Claims would be effectively circumvented." (cleaned up)).  Finally, the D.C. Circuit rejected plaintiffs' requested injunction as impermissible specific performance in disguise—relief almost indistinguishable from what Plaintiffs seek in this case. *Compare id.* at *6 (rejecting as a request for contractual remedy an injunction barring the agency from "terminating the grants, 'except as permitted in accordance with the ACA, the grant award, and applicable law'"); *with* MTA, TBTA, and NYCDOT's Mot. for Partial Summ. J. at ¶ 6, ECF 151 (asking this Court to "Permanently enjoin[] Defendants . . . from terminating the VPPP Agreement or rescinding federal approval for the Program unless the Project Sponsors agree or Defendants demonstrate, pursuant to applicable law, that the Project Sponsors failed to comply with the VPPP Agreement's terms and conditions").

The district court in *Appalachian Voices* reached a similar conclusion, applying the Supreme Court's recent stay ruling to hold that express or implied contractual disputes—even those artfully reframed as statutory or regulatory—belong exclusively in the Court of Federal claims.  2025 WL 2494905, at *5 ("[P]laintiffs request that the Court return plaintiffs to the status quo prior to [the agency's] termination of their grants. I cannot issue such relief in light of the Supreme Court's holding in *California*.").

In short, Plaintiffs' notice of supplemental authority undermines—rather than helps—their case.  The cited Supreme Court stay decision and recent decisions interpreting and applying that decision confirm what Defendants have argued all along: jurisdiction over this dispute lies solely in the Court of Federal Claims.

Respectfully,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

CHARLES E.T. ROBERTS
Counsel to the Assistant Attorney General
Civil Division

STEPHEN M. ELLIOTT
Assistant Branch Director
Federal Programs Branch

By: */s/ Samuel Holt*
Michael Bruns
Samuel S. Holt
Trial Attorneys
Federal Programs Branch
Civil Division, Department of Justice
1100 L Street NW
Washington, DC 20005
Telephone: 202-674-9761
Email: Samuel.Holt2@usdoj.gov

cc: All Counsel of Record (via ECF)