

1133 Avenue of the Americas
Suite 1500
New York, New York 10036

(212) 316-9500
rkaplan@kaplanmartin.com

January 7, 2026

**BY CM/ECF**

The Honorable Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl St.
New York, N.Y. 10007

      Re:    *Metro. Transp. Auth., et al. v. Duffy, et al.*, No. 25 Civ. 1413 (LJL)

Dear Judge Liman:

      We write on behalf of Plaintiffs the Metropolitan Transportation Authority ("MTA") and the Triborough Bridge and Tunnel Authority ("TBTA") to notify the Court of a supplemental authority that is potentially relevant to issues concerning the Tucker Act that are currently pending before the Court in connection with the parties' cross-motions for summary judgment.

      As you know, we previously submitted a letter notifying the Court of the United States Supreme Court's order in *National Institutes of Health v. American Public Health Association*, 145 S. Ct. 2658 (2025).  ECF 173.  On January 5, 2026, the United States Court of Appeals for the First Circuit issued a decision in *Massachusetts v. National Institutes of Health*, No. 25-1343, No. 25-1344, No. 25-1345, --- F.4th ----, 2026 WL 26059 (Jan. 5, 2026) ("Op."), a copy of which is attached as Exhibit A, which relies in part on *American Public Health Association*.  The First Circuit affirmed the District Court's preliminary injunction that prohibited the National Institutes of Health ("NIH") "from taking any steps to implement, apply, or enforce" NIH's "Supplemental Guidance" to the 2024 NIH Grants Policy Statement, which capped the reimbursement of indirect costs for NIH-funded research at 15%.  *Id.* at 5, 13-14.  As to the Tucker Act, in particular, the First Circuit reasoned that the court had subject matter jurisdiction because "a straightforward application of [*American Public Health Association*] resolves the jurisdictional inquiry," as Justice Barrett's controlling concurrence in that case "plainly distinguishes between challenges to agency-wide policies, which belong in district court, and challenges to the withholding of contractually awarded funds that result from those policies, which belong in the" United States Court of Federal Claims.  Op. at 19 (citing *Am. Pub. Health Ass'n*, 145 S. Ct. at 2661 (Barrett, J., concurring)).  *See*

*also* MTA et al.'s Mem. of L. In Supp. of Mot. Summ. J., at 12-15, *available at* ECF 152; MTA et al.'s Mem. of L. In Opp. to Defs.' Mot. Summ. J. & In Further Supp. of MTA's Mot. Summ. J., at 10-13, *available at* ECF 168.

   We thank the Court for its consideration and look forward to the hearing scheduled for January 28.  We are prepared to submit supplemental briefing if directed by the Court.

                 Respectfully submitted,

                  Roberta A. Kaplan

cc:  Counsel of Record (via CM/ECF)