**U.S. Department of Justice**

*Civil Division*
*Federal Programs Branch*

*1100 L St NW*
*Washington, D.C. 20012*

January 23, 2026

**BY ECF**
The Honorable Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 15C
New York, NY 10007

Re: *MTA, et al. v. Duffy, et al.*, No. 25 Civ. 1413 (LJL)

Dear Judge Liman:

  We represent Defendants in the above-captioned case. We write to notify the Court of a supplemental authority that is relevant to issues concerning the Tucker Act that are currently pending before the Court in connection with the parties' cross-motions for summary judgment.

  On January 21, 2026, the Fourth Circuit issued a decision in *Sustainability Inst. v. Trump*, No. 25-1575, 2026 WL 157120 (4th Cir. Jan. 21, 2026). The court held that the district court had abused its discretion in entering injunctions directing the Government to restore funds from frozen and terminated grants and enjoining the Government from terminating or freezing those grants. *Id.* at *1. Plaintiffs were grantees who received grants primarily through the Inflation Reduction Act, the Infrastructure Investment and Jobs Act, and the American Rescue Plan Act of 2021. *Id.* Each statutory scheme involved lump appropriations from Congress, with the agency having discretion on how and to whom to allocate funds. *Id.* Various agencies, pursuant to Executive Orders, cancelled these grants.

  Plaintiffs challenged the cancellations, alleging the actions were arbitrary and capricious, contrary to law, exceeded statutory authority, and violated the Constitution. *Id.* at 2. Relying on *Dep't of Educ. v. California*, 604 U.S. 650, 650 (2025), and *Nat'l Insts. of Health v. Am. Pub. Health Ass'n*, ⸺ U.S. ⸺, 145 S. Ct. 2658, 2664 (2025), the court concluded that the Tucker Act divested the district court of jurisdiction. *Id.* at *5-6. The Court held:

> The upshot is that the alleged statutory and constitutional violations do not alter the essentially contractual nature of Plaintiffs' APA claims before us on appeal. "The core of [P]laintiffs' suit alleges that the Government unlawfully terminated their grants." *Id.* at 2665 (Kavanaugh, J., concurring in part and dissenting in part). And Plaintiffs identify no source of law, besides their grant agreements, guaranteeing them the relief they seek: continued payments on those grants. At bottom, Plaintiffs' "injury and alleged right to payment stem from the government's refusal to pay promised grants according to the terms and conditions that accompany them." *Id.* at 2664 (Gorsuch, J., concurring in part and dissenting in part).[6] Under

> the Supreme Court's recent decisions, "the source of the rights upon which the plaintiff[s] base[ ] [their] claims" is thus contractual. *Megapulse*, 672 F.2d at 968.

*Sustainability Inst.*, 2026 WL 157120, at *6.

We thank the Court for its consideration and look forward to the hearing scheduled for January 28. We are prepared to submit supplemental briefing if directed by the Court

        Respectfully,

        BRETT A. SHUMATE
        Assistant Attorney General

        YAAKOV M. ROTH
        Principal Deputy Assistant Attorney General
        Civil Division

        CHARLES E.T. ROBERTS
        Counsel to the Assistant Attorney General
        Civil Division

        STEPHEN ELLIOTT
        Assistant Director, Federal Programs

By:   /s/ Michael Bruns
        Michael Bruns
        Samuel S. Holt
        Trial Attorneys
        Federal Programs Branch
        Civil Division, Department of Justice
        1100 L Street NW
        Washington, DC 20005
        Telephone: 202-514-4011
        Email: michael.bruns@usdoj.gov

cc: All Counsel of Record (via ECF)