**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

METROPOLITAN TRANSPORTATION AUTHORITY & TRIBOROUGH BRIDGE AND TUNNEL AUTHORITY,

Plaintiffs,

NEW YORK STATE DEPARTMENT OF TRANSPORTATION, RIDERS ALLIANCE, SIERRA CLUB, & NEW YORK DEPARTMENT OF TRANSPORTATION

Intervenor-Plaintiffs,

v.

SEAN DUFFY, et al.

Defendants.

**Case No. 25-cv-01413-LJL**

**DEFENDANTS' SUPPLEMENTAL BRIEFING ON THE DUE PROCESS CLAIM**

## INTRODUCTION

Pursuant to the Court's request, Defendants supplement their briefing on Government Plaintiffs' (NYSDOT, NYCDOT, MTA, and TBTA) due process claim. *See* Consolidated Second Am. Compl. of Pls. MTA and Triborough Bridge and Tunnel Authority and Intervenor-Pls. New York State Department of Transportation and New York City Department of Transportation ¶¶ 261-268, ECF No. 96 ("MTA Am. Compl."). This Court should enter summary judgment for Defendants on the due process claim and/or dismiss it for lack of jurisdiction: Plaintiffs have alternative remedies; they do not have a property interest protected by the Due Process Clause; Defendants provided adequate process; and Plaintiffs agreed that their Constitutional claims would be moot should the Court rule in their favor on any other claim.

## ARGUMENT

### I. The claim is unripe and belongs in the Court of Federal claims.

As explained in Defendants' summary judgment briefing, Plaintiffs' due process claim fails, because this dispute is not ripe and belongs in the Court of Federal Claims. *See* Defs.' Mem. of Law in Supp. Mot. for Summ. J. 18–32, ECF No. 158 ("Defs.' Opening Br."); Defs.' Combined Opp'n to Pls.' Mots. for Partial Summ. J. and Reply in Supp. Defs.' Mot. for Summ. J. 15–30, ECF No. 171.

### II. The Court lacks jurisdiction over Plaintiffs' due process claim.

As stated in Defendants' summary judgment briefing, the availability of an adequate remedy through the Tucker Act (or the APA if the Court determines that Plaintiffs' claims can be brought in federal district court) forecloses Government Plaintiffs' due process claim. Defs.' Opening Br. 30–32. The Government Plaintiffs repackage their APA claims as a due process claim. *See* MTA Am. Compl. ¶ 260 ("The February 19 Letter's pretextual rationales violated Plaintiffs'

rights under the APA and, in addition, violated the MTA, TBTA, and NYCDOT's rights under the Due Process Clause of the United States Constitution."). Because Plaintiffs could receive relief under the Tucker Act (or the APA) for the termination of the VPPP agreement, this Court does not have jurisdiction over the due process claim. *See* Charles A. Wright & Arthur R. Miller, 33 Fed. Prac. & Proc. Judicial Review § 8307 (2d ed. 2024 update); *Commonwealth of Puerto Rico v. United States*, 490 F.3d 50, 59 (1st Cir. 2007) (finding that Puerto Rico had a means of vindicating its rights—the APA—without invoking nonstatutory review); *Fed. Express Corp. v. U.S. Dep't of Com.*, 39 F.4th 756, 763 (D.C. Cir. 2022); *Armstrong v. Exceptional Child Ctr. Inc.*, 575 U.S. 320, 324–27 (2015).

### III. Plaintiffs' due process claim substantively fails.

Even if the Court were to consider Government Plaintiffs' due process claim, it fails in substance. Government Plaintiffs claim that Defendants violated their due process rights by terminating the VPPP Agreement. MTA Am. Compl. ¶ 266. It is unclear from the Complaint whether Government Plaintiffs assert a procedural due process claim, a substantive due process claim, or both. *See Loc. 342, Long Island Pub. Serv. Emps., UMD, ILA, ALF–CIO v. Town Bd. of Town of Huntington,* 31 F.3d 1191, 1193–94 (2d Cir.1994) (distinguishing between procedural and substantive due process claims). However construed, their claim fails. A procedural due process claim fails because Government Plaintiffs do not identify a protected property right and Defendants provided sufficient process. A substantive due process claim fails because they fail to identify a protected property interest and their alleged interest in the VPPP agreement, or tolling the CBD, is not sufficiently fundamental.

**A. A procedural due process claim fails because Government Plaintiffs do not have a protected property right and were afforded adequate process.**

Government Plaintiffs fail to bring a cognizable procedural due process claim because they do not identify a protected property right, and because Defendants provided the Government Plaintiffs with adequate process. To state such a claim, a plaintiff must "first identify a property right, second show that the [government] has deprived him of that right, and third show that the deprivation was effected without due process." *Loc. 342*, 31 F.3d at 1194 (quoting *Mehta v. Surles,* 905 F.2d 595, 598 (2d Cir. 1990) (per curiam)). That claim here would fail all three steps.

As described more fully in Defendants' summary judgment briefing, Government Plaintiffs are alleging a breach of contract claim. Defs.' Opening Br. 14-18. The source of their right to toll the CBD arises solely from the VPPP agreement. *Id.* Thus, Government Plaintiffs' due process claim is simply the "denial of [their] entitlement to performance of the contract." *S & D Maint. Co. v. Goldin*, 844 F.2d 962, 966 (2d Cir. 1988). The Second Circuit has held that if the concept of "entitlement" were so expansive, "federal courts could be asked to examine the procedural fairness of every action by a [government] alleged to be in breach of its contracts." *Id.* Accordingly, "in order to prevail on a due process claim alleging a deprivation of a property right, the plaintiff must demonstrate something more than an ordinary contract right and a reliance thereon." *Tucker v. Darien Bd. of Educ.*, 222 F. Supp. 2d 202, 206 (D. Conn. 2002); *see also Contiguous Towing, Inc. v. State*, 202 F. Supp. 3d 269, 275–76 (E.D.N.Y. 2016) (holding that "Plaintiffs' interest in their five-year towing contract is not the kind of benefit conferred by the government which is subject to due process protection"); *Ove Gustavsson Contracting Co. v. Floete*, 299 F.2d 655, 660 (2d Cir. 1962) (finding no due process claim when a contract was cancelled without a hearing before an Assistant Commissioner who authorized the termination).

Here, Plaintiffs allege that the Defendants "withdrawal of consent for [Government Plaintiffs] to engage in [the VPPP] implicates a property interest protected by the Due Process Clause." *See* MTA Am. Compl. ¶ 264. That means that this due process theory is nothing more than claiming a property interest in a contract or agreement, which is insufficient in the Second Circuit. *See Goldin*, 844 F.2d at 966 *with Toxco Inc. v. Chu*, 724 F. Supp. 2d 16, 27–28 (D.D.C. 2010); *Tucker*, 222 F. Supp. 2d at 206; *Contiguous Towing, Inc.*, 202 F. Supp. 3d at 275–76; *Floete*, 299 F.2d at 660. After all, without the VPPP Agreement, there could be no valid CBDTP. *See* Tr. of Prelim. Inj. Hr'g 12:10–16 (May 27, 2025) (Government Plaintiffs conceding that they "need" the VPPP Agreement to continue tolling.); 23 U.S.C. § 301.

Plaintiffs also allege that "Defendants' unilateral termination of the VPPP Agreement deprives Plaintiffs MTA, TBTA, and NYCDOT of a property interest contrary to law," MTA Compl. ¶ 264 (citing *Toxco Inc. v. Chu*, 724 F. Supp. 2d 16, 27-28 (D.D.C. 2010)). However, *Toxco*, a D.C. Circuit opinion, applied a different standard than the Second Circuit in determining whether a contractual right would rise to a property right protected by the Due Process Clause. *Compare Goldin*, 844 F.2d at 966 *with Toxco Inc. v. Chu*, 724 F. Supp. 2d 16, 27–28 (D.D.C. 2010) ("[N]umerous courts have held that contracts between private parties may give rise to property interests sufficient to trigger Fifth Amendment due process protections" (collecting cases, but not citing any Second Circuit opinions)). *Toxco* is inapposite in light of precedent in this Circuit that a "plaintiff must demonstrate something more than an ordinary contract right and a reliance thereon." *Tucker*, 222 F. Supp. 2d at 206; *see also Martz v. Inc. Village of Valley Stream,* 22 F.3d 26, 29–30 (2d Cir. 1994).

Moreover, Defendants' "unilateral termination of the VPPP Agreement", MTA Compl. ¶ 264 does not violate the Due Process Clause because Defendants were authorized to cancel the

agreement. *See* Defs.' Opening Br. 23-33. And where the government may unilaterally cancel an agreement, there is no protected property interest. *Town of Castle Rock v. Gonzales*, 545 U.S. 748, 756 (2005) (noting that "a benefit is not a protected entitlement if government officials may grant or deny it in their discretion" (*citing Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 462–63 (1989))); *Hall v. Ford*, 856 F.2d 255, 265 (D.C. Cir.1988) (dismissing the plaintiff's due process claim arising out of the termination of his employment contract on the grounds that "[t]hose who are terminable at will have no property interest because there is no objective basis for believing that they will continue to be employed indefinitely"); *Bd. of Regents of State Colls. v. Roth*, 408 U.S 564, 577–78 (1972) (holding that no property interest arises when a contract for a limited term of employment expires and is not renewed); *Ferrone v. Onorato*, 298 Fed. Appx. 138, 139–40 (3d Cir. 2008) (holding that a borrower did not have a protected property interest in loan funds because the loan agreement gave the lender the discretion to grant or deny disbursement of funds).

Plaintiffs also allege its property interest attains "constitutional status by virtue of the fact that they have been initially recognized and protected by state law… the TMA [Transportation Mobility Act]." MTA Compl. ¶ 265. But the TMA does not recognize a property interest. It merely mandates that Government Plaintiffs set tolls in the CBD. NY Veh & Traf L § 1701 *et seq.* (2025). To the extent the TMA is read to provide a property interest when it grants power to Government Plaintiffs to establish and charge tolls, this power is explicitly subject to Federal laws and subordinate to Federal power:

> § 1704-a. Central business district toll. 1. Consistent with the goals of reducing traffic congestion within the central business district and funding capital projects the Triborough bridge and tunnel authority shall have the power, subject to agreements with its bondholders, **and applicable federal law** to establish and charge variable tolls and fees for vehicles entering or remaining in the central business district at any time and shall have the power, subject to agreements with bondholders, and **applicable federal law** to make rules and regulations for the establishment and collection of central business district tolls, fees, and other

charges.

NY Veh & Traf L § 1704-A (2025) (emphasis added). The Federal Government is entitled to terminate the VPPP for convenience, Defs' Opening Brief at 39-41, the Government did not waive its power to terminate, *id.* at 31-33, and absent the VPPP, the TMA is overridden by 23 U.S.C. § 301. 23 U.S.C. § 301 ("[A]ll highways constructed under the provisions of this title shall be free from tolls of all kinds."). In sum, Plaintiffs fail to establish that a property interest of constitutional significance is at stake, which by itself dooms their due process theory.

As to step 2, Defendants did not deprive Plaintiffs of property, as neither the contract or the authority to toll are protected property interests under the Due Process Clause. Nor did Defendants actions result in tangible legal consequences, like the removal of such a property right, for the reasons argued in Defendants' summary judgment briefing on final agency action. *See* Defs.' Opening Br. 6-10.

As to whether there was sufficient process, Government Plaintiffs claim that "[p]rior to terminating the VPPP Agreement, Defendants did not provide Plaintiffs MTA, TBTA, and NYCDOT with notice and failed to give Plaintiffs an opportunity to respond or be heard." MTA Compl. ¶ 266. As an initial matter, Plaintiffs have not identified any requirement for advance notice for a contract termination. Indeed, because government contracts are not property rights protected by due process, *see supra*, no notice would be required. But in any event, Defendants did provide notice. Defendants informed Plaintiffs that they intended on terminating the VPPP Agreement as early as February 19, 2025. DOT_0047570. And the termination would not be effective until March 21, 2025. DOT_0047575 ("[T]his rescission of approval and termination of the November 21, 2024 Agreement will be effective on March 21, 2025"). Thus, Defendants provided pre-deprivation notice. Defendants also provided Plaintiffs an opportunity to be heard.

Under FHWA's terms and conditions, which were incorporated by reference into the Agreement, Plaintiffs had the ability to "appeal or object to a termination" within 30 days after written notice of termination. *See* FHWA, *Contractors & Recipients General Terms and Conditions for Assistance Awards* § 16. In addition, on April 21, Defendants provided Plaintiffs another opportunity to object to the Secretary's notice of termination, expressly requesting a response by May 21 before taking proposed compliance measures on or after May 28. *See* DOT_47570–74, 47577–80. Plaintiffs responded. *See* DOT_47581-48699. By providing notice and an opportunity to be heard, Government Plaintiffs have been provided more than adequate due process. *Nat'l Council of Resistance of Iran v. Dep't of State*, 251 F.3d 192, 205 (D.C. Cir. 2001) ("[T]hose procedures which have been held to satisfy the Due Process Clause have included notice of the action sought, along with the opportunity to effectively be heard." (quoting *Matthews v. Eldridge*, 424 U.S. 319, 334 (1976)).

**B. Plaintiffs do not have a substantive due process right to tolling authority.**

Because Government Plaintiffs' alleged property right does not even reach the threshold for procedural due process, it falls far short of substantive due process protection for the same reasons described above. *See Loc. 342*, 31 F.3d 1196–97 ("In view of our conclusion that the Union possessed no protectible property interest in the insurance payments, it would appear obvious that the Town's termination of those payments in no way violated the substantive due process rights of Local 342") (collecting cases).

More so, in substantive due process claims, Plaintiff also must show that their "alleged right . . . be considered so rooted in the traditions and conscience of our people as to be ranked as fundamental." *Reno v. Flores*, 507 U.S. 292 (1993) (internal quotation marks removed). Substantive due process protects only those interests that are "implicit in the concept of ordered

liberty." *Palko v. Connecticut,* 302 U.S. 319 (1937), *overruled by Benton v. Maryland*, 395 U.S. 784 (1969). The doctrine of judicial self-restraint requires courts "to exercise the utmost care" when presented with a request to define or develop rights in this area. *Collins v. City of Harker Heights*, 503 U.S. 115 (1992). "[S]tate law contractual rights, without more, are [not] worthy of substantive due process protection… [and] are not the type of important interests that have heretofore been accorded the protection of substantive due process." *Loc. 342*, 31 F.3d at 1196 (collecting cases). The "right to toll" federal-aid highways is obviously not implicit in the concept of ordered liberty.

Accordingly, because Plaintiffs' alleged right arises from the VPPP agreement—a contract—Plaintiffs do not have a substantive due process right in tolling the CBD.

## IV. Plaintiffs conceded that their Constitutional claims would be moot should they win on any other claim

Should the Court rule for Plaintiffs on any other claim, it should not reach the constitutional claims. As stated by Plaintiffs, "[t]here is no reason for the Court to reach Defendants' motion for summary judgment on [the constitutional claims] claims now. Mem. of Law in Opp'n to Defs.' Mot. for Summ. J. and Further Supp. of Pls. MTA and TBTA Intervenor-Pl. NYCDOT's Mot. Partial Summ. J. 33, ECF No. 168 (citing *DoorDash, Inc. v. City of New York*, 789 F. Supp. 3d 337, 359 (S.D.N.Y. 2025)) (denying motions for summary judgment on constitutional claims as moot where resolution of other claims disposed of action); (also citing *Miller v. Metro. Life Ins. Co.*, 979 F.3d 118, 124 (2d Cir. 2020) ("[I]f it is not necessary to decide more, it is necessary not to decide more[.]")).

## CONCLUSION

For the foregoing reasons, the Court should grant summary judgment to Defendants on the due process claim, whether on the merits or as moot, or dismiss the claim for lack of jurisdiction.

Dated: February 6, 2026.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

YAAKOV M. ROTH
Principal Deputy Assistant Attorney General
Civil Division

ERIC J. HAMILTON
Deputy Assistant Attorney General
Civil Division

CHARLES E.T. ROBERTS
Counsel to the Assistant Attorney General
Civil Division

STEPHEN M. ELLIOTT
Assistant Branch Director
Federal Programs Branch

*/s/ Michael Bruns*
Michael Bruns
Samuel S. Holt
Trial Attorneys
Federal Programs Branch
Civil Division, Department of Justice
1100 L Street NW
Washington, DC 20005
Telephone: 202-514-4011
Email: michael.bruns@usdoj.gov