Kaplan Martin

1133 Avenue of the Americas
Suite 1500
New York, New York 10036

(212) 316-9500
rkaplan@kaplanmartin.com

August 17, 2026

**BY CM/ECF**

The Honorable Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

*Re:* *Metro. Transp. Auth., et al. v. Duffy, et al.*, No. 25 Civ. 1413 (LJL)

Dear Judge Liman,

On behalf of Plaintiffs the Metropolitan Transportation Authority and Triborough Bridge and Tunnel Authority (the "MTA Plaintiffs"), we write to request a pre-motion conference for leave to take limited, expedited discovery, given our concerns that Defendants have directed and/or controlled the commencement of a parallel challenge to the Program in New Jersey, *Dunne v. MTA*, No. 25 Civ. 18105 (D.N.J.) ("*Dunne*"), and that they have used/are now using that action in an effort to circumvent this Court's orders.

## I. The *Duffy* and *Dunne* Challenges to the Program

The MTA Plaintiffs brought this action in February 2025, after Secretary Duffy purported to rescind approval for the Program and terminate the VPPP Agreement. This Court rejected those efforts, first, by entering a preliminary injunction that barred Defendants from terminating funding and approvals while the case was being litigated, *MTA v. Duffy*, 784 F. Supp. 3d 624 (S.D.N.Y. 2025), and later, by granting summary judgment to the MTA Plaintiffs. ECF 195. The Court held that: (1) contrary to the Secretary's contentions, the Program is authorized under the VPPP Statute's plain terms; (2) the Secretary could not rely on *post hoc* policy reasons and was limited to the grounds invoked in his February 19 and April 21 letters; (3) the Secretary failed to give due consideration to the MTA Plaintiffs' reasonable reliance interests (including their reliance on FHWA's longstanding authorization of "cordon pricing"); and (4) the Secretary did not have the authority to terminate the VPPP Agreement except according to its terms. ECF 195 at 148-49.[1]

The Court vacated the Secretary's February 19 and April 21 letters. *Id.* at 140. The Court also issued a declaratory judgment, given that "the Secretary refused to commit that this Court's

[1] Aspects of that decision have been appealed by Defendants. *MTA v. Duffy*, No. 26-1213 (2d Cir.).

rulings would definitively settle the issues," such that "there is a real risk that … the issues … thoroughly vetted by the parties will have to be reviewed again by this Court or another court." *Id.* at 144; *see also id.* at 148-49. Although the Court declined to enter a permanent injunction at that time, taking Defendants at their word that they would "abide by the Court's orders," that did "not leave the Plaintiffs without remedy if they believe the Defendants take action that violates the Court's declaratory judgment," and "the Court is open to provide 'further necessary or proper relief.'" *Id.* at 146-47 (citing, *inter alia*, 28 U.S.C. § 2202). We believe that the time for the Court to consider such additional remedies may have come.

On November 3, 2025, while this Court's preliminary injunction was in effect, the President called on Secretary Duffy to "take a good, long look at terminating New York City Congestion Pricing." *Id.* at 146. Four weeks later, on December 2, 2025, the *Dunne* action was filed: *Dunne* is a putative class action seeking to declare the Program unlawful and enjoin its operation on the theory, as pressed by Defendants here, that the Program is not authorized under the VPPP Statute. After *Dunne* was filed, Secretary Duffy reiterated that he would "keep fighting the illegal tolls," and the President reiterated that the Program must "be ended, IMMEDIATELY!" *Id.* As recently as Tuesday of last week, President Trump posted that "Congestion Pricing … doesn't work in America, and must be stopped, NOW!" Donald J. Trump (@realDonaldTrump), Truth Social (Aug. 11, 2026), https://truthsocial.com/@realDonaldTrump/posts/117077620225720641.

It now looks like the *Dunne* plaintiffs and their counsel are connected to and coordinating with the Administration: named plaintiff Richard Manjarres works in the Executive Branch as a political appointee and named plaintiff Tamara Lashchyk is a former Republican candidate for the New York State Assembly. They are represented by Michael B. Lavery, former Chairman of the New Jersey Republican State Committee, and Daniel Huff, who previously worked in the White House selecting attorneys for roles in the Justice Department, and who has described a "litigation feedback loop between regulators and activists," in which DOJ joins cases as a supporting force, filing briefs and lending government authority, so that combined public and private pressure achieves what the government could not obtain directly. Daniel Huff, *Sue, Settle, Rinse, Repeat*, FEDERALIST SOCIETY BLOG (Nov. 20, 2024), https://perma.cc/P3P7-4BBM.[2]

This past Friday—just three days after the President declared that the Program "must be stopped, NOW!"—the very same Civil Division attorneys in *Duffy* (Messrs. Charles E.T. Roberts and Michael Bruns) filed a 23-page Statement of Interest in *Dunne*, *see* ECF 200, asking the District of New Jersey to enjoin the Program on the ground that it is not eligible under the VPPP Statute. *See* ECF 195 at 72-89. Defendants' involvement in *Dunne* raises several serious issues.

*First*, the Statement clearly seeks to relitigate VPPP authorization in another forum. Indeed, the government reiterates at the outset that "The Trump Administration … has concluded that this 'cordon pricing' program imposes a disproportionate financial hardship on low- and medium-income hardworking American drivers for the benefit of high-income drivers…." ECF 200-1 at 1; *see* ECF 195 at 72-98 (rejecting similar arguments). The only difference now is that the government seeks to raise new arguments as to why the Program is invalid under the VPPP

---

[2] The *Dunne* plaintiffs were admonished by the District of New Jersey for certifying that their complaint was "not the subject of any other action pending in any court," even as the complaint drew on facts from the *Duffy* docket. *Dunne*, ECF 1 at 16, ¶ 52; *Dunne*, Tr. of Feb. 11, 2026 Conf. at 8:6-17 (The Court: "don't play that game with me").

(arguments that have been forfeited by Defendants since they could and should have been made in this Court). And it does so without consideration to the MTA Plaintiffs' reliance or the arguments that they made in this Court.[3] In fact, the government concedes that it is taking "legal positions [that] are contrary to positions previously taken by DOT." ECF 200-1 at 2. This collateral attack on this Court's judgment is in tension with Defendants' claims that they would "abide by the Court's orders including the declaratory judgment." ECF 195 at 146-47.

*Second*, the circumstances surrounding *Dunne* raise justifiable concerns that Defendants not only violated the Court's preliminary injunction when it was in place, but are now trying to sidestep this Court's judgment. *Dunne* was filed when this Court's preliminary injunction was in effect, and that injunction barred Defendants, their officers, agents, employees, attorneys, and persons acting "in active concert or participation" with them, from taking agency action to enforce or implement the February 19 Letter, or Defendants' purported termination of the VPPP Agreement or the Program. *Duffy*, 784 F. Supp. 3d at 686. Yet *Dunne*, filed weeks after the President directed Secretary Duffy to find ways around this Court's order, expressly alleges that the February 2025 termination eliminated federal authorization for the Program. ECF 1 ¶¶ 4-5, 35-40.

## II. Limited Discovery Is Warranted and Appropriate

The All Writs Act, 28 U.S.C. § 1651, authorizes judicial orders necessary to prevent those seeking "to frustrate the implementation of a court order or the proper administration of justice." *United States v. New York Tel. Co.*, 434 U.S. 159, 174 (1977). Section 2202 authorizes "[f]urther necessary or proper relief based on a declaratory judgment," 28 U.S.C. § 2202. ECF 195 at 147. Discovery in aid of this authority is familiar and appropriate. Tailored, expedited discovery is warranted here to determine the scope of Defendants' coordination and control of *Dunne*, the extent to which Defendants have sought to deprive the MTA Plaintiffs of the benefit of this Court's judgment, and whether the Court should grant further relief to enforce its declaratory judgment, including injunctive relief. *See State of N.Y. v. Shore Realty Corp.*, 763 F.2d 49, 53 (2d Cir. 1985); *Damus v. Nielsen*, 328 F.R.D. 1, 3-8, 10 (D.D.C. 2018); *BlackBerry Ltd. v. Typo Prods. LLC*, 2014 WL 4136586, at *2, *5-8 (N.D. Cal. Aug. 21, 2014). The relevant facts—who directed and timed the *Dunne* filing, controlled the litigation, and the extent of coordination among Defendants, the *Dunne* plaintiffs, and their counsel—lie within Defendants' knowledge. The extent of coordination may also bear on the preclusive reach of this Court's judgment—an issue that would be illuminated by discovery. *See Montana v. United States*, 440 U.S. 147, 155 (1979).[4]

---

[3] Before this Court and the Court of Appeals, Defendants argued the VPPP provides "explicit authority ... to receive federal funds that [the MTA Plaintiffs] would not receive but for [the VPPP Agreement]," which "easily satisfies" the Tucker Act's money-mandating requirement. May 27, 2025 Tr. 36:16–22; *see also* Br. of Appellants at 30-31, *MTA v. Duffy*, No. 26-1213 (2d Cir. June 17, 2026) (arguing Tucker Act applies since the VPPP "requires that 'the Federal share payable … shall be 80 percent' and that the 'Secretary shall fund' certain … 'start up costs'").

[4] The District of New Jersey relied on the *Dunne* plaintiffs' representation that the "plaintiffs in this action do not overlap in any way with existing parties in challenges to the congestion pricing program in SDNY" when denying the MTA Plaintiffs' motion to transfer *Dunne* to this District under the first-filed rule. *Dunne*, June 1, 2026 Conf. Tr. at 16. The MTA Plaintiffs do not ask this Court to revisit the District of New Jersey's decision or otherwise bind the plaintiffs in *Dunne*—they seek relief only against Defendants in the case before Your Honor.

Respectfully submitted,

Roberta A. Kaplan

cc: Counsel of Record (via ECF)