**U.S. Department of Justice**

*Civil Division*
*Federal Programs Branch*

*1100 L St NW*
*Washington, D.C. 20012*

August 19, 2026

**BY ECF**
The Honorable Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 15C
New York, NY 10007

Re: *MTA, et al. v. Duffy, et al.*, No. 25 Civ. 1413 (LJL)

Dear Judge Liman:

We represent Defendants in the above-captioned case. We write to respond to Plaintiffs' request for a pre-motion conference for discovery. As we previously advised this Court, last Friday the United States filed a Statement of Interest setting forth its views on certain legal questions—whether the VPPP Agreement is unlawful because it tolls outside the Interstate Highway System and does not involve a federally funded project—raised in *Dunne v. Metropolitan Transportation Authority*, No. 2:25-cv-18105-LMG-LDW (D.N.J.). Discovery is not appropriate in this closed case based upon a single filing made by Defendants in separate litigation filed in a separate court.

While Plaintiffs premise their need for discovery on their assertion that Defendants' Statement of Interest constitutes a collateral attack on or "circumvent[ion]" of the declaratory judgment in this case (or somehow violated the previously issued preliminary injunction), they fail to substantiate those assertions. Nothing in this Court's orders prohibits the United States from voicing its opinion on legal issues related to the cordon pricing program, especially issues that were never a part of this case. And to the extent Plaintiffs wish to probe *Dunne*'s origins, the proper forum for doing so is the court with jurisdiction over *Dunne*. Plaintiffs attempted to transfer *Dunne* to this Court but saw that request denied earlier this summer. Their request for *Dunne* discovery in this Court plainly attempts to circumvent the District of New Jersey's order denying their motion to transfer the case to this Court.

*First*, Plaintiffs do not come close to alleging a violation of this Court's preliminary injunction or final judgment, let alone one that would warrant discovery. Congress vested in the Department of Justice the authority "to attend to the interests of the United States in a suit pending in a court of the United States, or in a court of a State, or to attend to any other interest of the United States." 28 U.S.C. § 517. The United States acted pursuant to that authority in making last week's filing. And nothing about the exercise of that authority violates or "collaterally attacks" an order of this Court. The Court entered a declaratory judgment that:

> the Secretary is "permitted to terminate the VPPP Agreement only pursuant to the terms expressly stated therein, that the Defendants' termination of the VPPP Agreement was unlawful, and that any attempt to enforce the February 19 Letter or April 21 Letter would be unlawful. Defendants may not terminate the VPPP

> Agreement under 2 C.F.R. § 200.340(a)(4), the incorporation of that provision through the *Christian* doctrine, under the Secretary's powers contained within the VPPP itself, or the exercise of the Secretary's powers under the unmistakability doctrine.

ECF 195 at 148-149. The declaratory judgment only addressed certain specific termination actions, none of which are present here. The filing of a Statement of Interest in a separate litigation does not terminate the VPPP Agreement. Nor does it concern the theories rejected by this Court, that is "2 C.F.R. § 200.340(a)(4), the incorporation of that provision through the *Christian* doctrine. . . the Secretary's powers contained within the VPPP itself, or the exercise of the Secretary's powers under the unmistakability doctrine." Rather, the Statement of Interest expresses the views of the United States on new, purely legal questions of statutory interpretation that were not before this Court.

Plaintiffs' arguments with respect to the preliminary injunction fare no better. This Court enjoined Defendants:

> from taking any agency action founded on the February 19, 2025 letter from Secretary Duffy to Governor Hochul purporting to terminate the VPPP Agreement and rescind federal approval for New York's Central Business District Tolling Program, including any action to enforce compliance with or implement (1) the February 19 Letter, (2) Defendants' purported termination of the VPPP Agreement, or (3) Defendants' purported termination of the Tolling Program. For the avoidance of doubt, Defendants are enjoined from taking any of the "compliance measures" set forth in the April 21, 2025 Letter including withholding federal funds, approvals, or authorizations from New York state or local agencies to enforce compliance with or implement (1) the February 19 Letter, (2) Defendants' purported termination of the VPPP Agreement, or (3) Defendants' purported termination of the Tolling Program.

*MTA v. Duffy*, 784 F. Supp. 3d 624, 698 (S.D.N.Y. 2025). Again, the Court's order enjoins Defendants from taking "agency action" to terminate the VPPP Agreement based upon a February 19 letter. Even if the preliminary injunction were still in effect, the filing of a Statement of Interest is not an *agency action*. Nor does it purport "to enforce compliance with or implement" any of the actions that were at issue in this case. The filing of a complaint by private parties over six months ago could not conceivably be "taking any agency action founded on the February 19, 2025 letter."

Plaintiffs allege that Defendants are attempting to "relitigate" VPPP authorization in another forum and "waived" the *Dunne* Plaintiffs' arguments because Defendants should have made them in this litigation. ECF 201 at 2-3. This is nonsensical. The action before this Court, brought by Plaintiffs, challenged the legality of the February 19, 2025 (and then April 21, 2025) letters. These letters did not advance the arguments made in the *Dunne* litigation regarding the Interstate Highway System and the absence of federal funding. Plaintiffs strenuously argued, and this Court agreed, that Defendants could only rely on the bases of the letters as grounds to terminate the VPPP agreement. *See Metro. Transportation Auth. v. Duffy*, No. 25-CV-1413 (LJL), 2026 WL 588117, at *41 (S.D.N.Y. Mar. 3, 2026) ("[T]he agency can elaborate only on the reasons it actually had for the decision. It cannot make up new reasons in the course of litigation and assert that those—and not the stated reasons—were the basis of its action."). The issues raised in *Dunne* were never, and could not be, litigated here unless Defendants relied on them in terminating the

VPPP Agreement. Plaintiffs' apparent theory of something like administrative estoppel—whereby an agency forfeits the right to consider and support legal arguments, however valid, for all time and in all subsequent potential fora—finds no support in the law. Indeed, Plaintiffs cite no authority for it.

This Court did not bar Defendants from ever making a statement regarding the validity of the VPPP on any ground ever again, or even from taking agency action on the basis of grounds different than those in the February 19 and April 21 letters. To the contrary, this Court recognized that "[the President] is obviously free to continue to make public statements as well as to ask the Secretary of Transportation to look into whether there are lawful means to end the CBDTP. And, as to the Secretary's statements, he has a right to continue to fight his case and to take an appeal of this Court's orders." *Metro. Transportation Auth. v. Duffy*, No. 25-CV-1413 (LJL), 2026 WL 588117, at *67 (S.D.N.Y. Mar. 3, 2026). With respect to its preliminary injunction, the Court explicitly stated that Defendants could continue their review of the legality of the VPPP agreement. Summ. J. Tr. 49:5-9. ("I issued an injunction that did not prohibit the agency from continuing its review, but I don't have anything in the record that indicates that the agency has done anything, even though I decidedly did not prohibit the agency from continuing to conduct review."); *see also* Dkt. 195 at 44 ("Had there been a process, there would have been nothing in the Court's preliminary injunction that would have prevented the Secretary from continuing it and evaluating the policy benefits and costs of the CBDTP program. There was nothing in the Court's preliminary injunction that prohibited the FHWA from commencing such a process either."). Moreover, agencies are able to take new and separate actions that lead to the same result even if another ground has been foreclosed in court.

Accordingly, discovery is not appropriate as to the Defendants' filing in the *Dunne* litigation, because these activities have nothing to do with this Court's orders, or with the termination of the VPPP agreement based on the reasons given in the February 19 or April 21 letters.

*Second,* the Court should reject Plaintiffs' request for *Dunne* litigation discovery given the District of New Jersey's jurisdiction over that case. Plaintiffs have endeavored to steer all out-of-district litigation to this Court, but their efforts have been rebuffed in both the District of New Jersey and the Eastern District of New York. Plaintiffs, who are Defendants in *Dunne*, suggested the transfer of that case to this Court shortly after it was filed in December 2025. ECF No. 14. Plaintiffs filed a motion to transfer the next month, *Dunne,* ECF No. 33, which Judge Leo M. Gordon denied on June 1, 2026, *Dunne,* ECF No. 52. In Brooklyn, the *Duffy* Plaintiffs are defendants along with federal defendants. The *Duffy* Plaintiffs have filed *two* motions to transfer the case to this Court, first in 2024 and then again in December 2025. *See Town of Hempstead v. Triborough Bridge & Tunnel Auth.*, No. 2:24-cv-3263, ECF Nos. 11, 60 (E.D.N.Y.). Both were denied. ECF Nos. 37, 65. In denying Plaintiffs' second motion, Judge Joan M. Azrack concluded that "[n]otions of convenience and fairness support litigating [*Hempstead*] in the Eastern District," adding that "the Plan will affect many residents of the Eastern District, even if the CBD itself is in the Southern District." ECF No. 65 at 7.

Though Plaintiffs wish this Court had exclusive jurisdiction over all cases touching on the VPPP Agreement, two federal judges have decided otherwise, and their decisions deserve respect. "The federal courts long have recognized that the principle of comity requires federal district courts—courts of coordinate jurisdiction and equal rank—to exercise care to avoid interference with each other's affairs." *Florida v. HHS*, 19 F.4th 1271, 1285 (11th Cir. 2021) (quoting *W. Gulf*

*Mar. v. ILA Deep Sea Loc. 24*, 751 F.2d 721, 728 (5th Cir. 1985)); *see also Zambrana v. Califano*, 651 F.2d 842, 844 (2d Cir. 1981) ("Generally, principles of comity and judicial economy make courts reluctant to exercise jurisdiction over claims involving the orders of coordinate courts.").

If Plaintiffs wish to probe *Dunne*'s origins, they should do so in discovery in *Dunne*. Plaintiffs made a similar claim about the *Dunne* plaintiffs nine months ago that they now seek to carry over to this case. In a December 2025 letter filed on the *Dunne* docket less than three weeks after the case was commenced, Plaintiffs complained that one of the *Dunne* plaintiffs "is an Executive Branch political appointee" and that one of the plaintiffs' attorneys "worked in the White House." *Dunne*, ECF No. 14 at 2 n.4. It also appears that Plaintiff may seek the same discovery in *Dunne* that they ask this Court to order. On the same day Plaintiffs filed their letter with this Court, Plaintiffs made a filing in *Dunne* noting the possibility they may seek the same discovery described therein in *Dunne*. ECF No. 65-2. Their filing in *Dunne* attaches the letter they sent to this Court, notes their request for *Dunne* discovery in this Court, and "reserve[s] the right to seek similar discovery from Plaintiffs here," i.e., in *Dunne*. ECF No. 65-2 at 4 n.3. Nothing about the United States's Statement of Interest filed in *Dunne* brings Plaintiffs' nine-month-old complaint about the *Dunne* plaintiffs within this Court's jurisdiction. And principles of comity and judicial economy require Plaintiffs to litigate their concerns with *Dunne* in the District of New Jersey.

Plaintiffs' allegations also raise the concern that they misperceive the Court's declaratory judgment to require Defendants and the Department of Justice to submit to Plaintiffs' views on anything touching on the VPPP Agreement, even on issues not litigated in this case. Defendants have taken an appeal from this Court's final judgment and filed an appellant's brief in June that advocates for a position contrary to this Court's declaratory judgment. *Metro. Transp. Auth. v. Duffy*, No. 26-1213, ECF No. 30. But that filing does not violate the declaratory judgment that this Court entered. Nor does this Court's declaratory judgment compel Defendants to respond in any particular way to the complaint filed in *Hempstead*, the E.D.N.Y. case in which the *Duffy* Plaintiffs and Defendants are both defendants. Likewise, the United States's Statement of Interest does not violate the Court's final judgment entered in this case. This Court has noted there was "no evidence here that Plaintiffs seek declaratory judgment for procedural fencing, nor that it would create friction with other courts." *Metro. Transportation Auth. v. Duffy*, No. 25-CV-1413 (LJL), 2026 WL 588117, at *66. Yet now Plaintiffs are attempting to restrict the government's lawful authority to file Statements of Interest and, by challenging the bona fides of related litigation, are causing friction in other courts.

*Finally*, Defendants provide this response shortly after receiving Plaintiffs' letter and in advance of the Court's scheduled conference. If the Court permits Plaintiffs to file a motion for discovery, Defendants reserve the right to advance these and additional arguments in response to such a motion. In addition, Defendants reserve all rights to object to any discovery sought by Plaintiffs on grounds of relevance, burden, privilege, or any other basis permitted by the Federal Rules.

Respectfully,

BRETT A. SHUMATE
Assistant Attorney General

CHARLES E.T. ROBERTS
Senior Counsel to the Assistant
Attorney General
Civil Division

JOSEPH BORSON
Assistant Director, Federal Programs

By: /s/ *Michael Bruns*
Michael Bruns
Trial Attorney
Federal Programs Branch
Civil Division, Department of Justice
1100 L Street NW
Washington, DC 20005
Telephone: 202-514-4011
Email: michael.bruns@usdoj.gov

cc: All Counsel of Record (via ECF)