USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_______________
DATE FILED: 10/15/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

METROPOLITAN TRANSPORTATION AUTHORITY, et al.,

Plaintiffs,

-v-

SEAN DUFFY, et al.,

Defendants.

25-cv-1413 (LJL)

MEMORANDUM AND ORDER

LEWIS J. LIMAN, United States District Judge:

On August 28, 2026, the Metropolitan Transportation Authority ("MTA") and the Triborough Bridge and Tunnel Authority ("TBTA," and with the MTA, "MTA Plaintiffs") filed a motion for further relief pursuant to 28 U.S.C. § 2202, requesting that the Court enter a permanent injunction against Secretary of the Department of Transportation Sean Duffy, Executive Director of the Federal Highway Administration Gloria Shepard, the United States Department of Transportation, and the Federal Highway Administration (collectively, "Defendants"). Dkt. No. 210. The motion also sought limited discovery regarding Defendants' involvement in the ongoing lawsuit of *Dunne v. Metropolitan Transportation Authority*, No. 25-cv-18105, in the United States District Court for the District of New Jersey. *Id.* For the reasons that follow, MTA Plaintiffs' motion is denied.

The Court assumes familiarity with the proceedings in this action which have been extensively recounted in the Court's prior opinions granting a preliminary injunction, *Metro. Transp. Auth. v. Duffy*, 784 F. Supp. 3d 624 (S.D.N.Y. 2025), and granting partial summary judgment, *Metro. Transp. Auth. v. Duffy*, — F. Supp. 3d —, 2026 WL 588117 (S.D.N.Y. Mar. 3,

2026). In short, in November 2024, the New York State Department of Transportation ("NYSDOT"), TBTA, and New York City Department of Transportation ("NYCDOT") entered into an agreement with the Federal Highway Administration under the Value Pricing Pilot Program ("VPPP") as authorized by 23 U.S.C. § 149 note (the "VPPP Statute"). Dkt. No. 87-1 (the "VPPP Agreement"). Under the VPPP Agreement, New York City established a congestion pricing program (the "Program") for portions of Manhattan. *Duffy*, 2026 WL 588117, at *1. On February 19, 2025, Secretary Duffy sent a letter to New York Governor Kathy Hochul purporting to rescind the Federal Government's approval of the Program and terminating the VPPP Agreement. *Id.* at *5, *17. That same day, MTA Plaintiffs filed this lawsuit. Dkt. No. 1. On April 21, 2025, the Secretary sent another letter to Governor Hochul reiterating the rescission and termination. *Duffy*, 2026 WL 588117, at *5.

In early May 2025, MTA Plaintiffs—as well as Intervenor-Plaintiffs NYSDOT and NYDOT—filed motions for a preliminary injunction against Defendants. *Duffy*, 784 F. Supp. 3d at 636. On May 28, 2025, the Court granted the motions and issued the following injunction:

> Defendants Sean Duffy, in his official capacity as Secretary of the United States Department of Transportation, Gloria M. Shepherd, in her official capacity as Executive Director of the Federal Highway Administration, the United States Department of Transportation, and the Federal Highway Administration as well as all persons identified under Federal Rule of Civil Procedure 65(d)(2), including all of Defendants' respective officers, agents, servants, employees, and attorneys, and all other persons who are in active concert or participation with any of the foregoing, are enjoined from taking any agency action founded on the February 19, 2025 letter from Secretary Duffy to Governor Hochul purporting to terminate the VPPP Agreement and rescind federal approval for New York's Central Business District Tolling Program, including any action to enforce compliance with or implement (1) the February 19 Letter, (2) Defendants' purported termination of the VPPP Agreement, or (3) Defendants' purported termination of the Tolling Program. For the avoidance of doubt, Defendants are enjoined from taking any of the "compliance measures" set forth in the April 21, 2025 Letter including withholding federal funds, approvals, or authorizations from New York state or local agencies to enforce compliance with or implement (1) the February 19 Letter,

> (2) Defendants' purported termination of the VPPP Agreement, or (3) Defendants' purported termination of the Tolling Program.

*Id.* at 698.

On June 27, 2025, MTA Plaintiffs filed a motion for partial summary judgment, Dkt. No. 151, and Defendants cross-moved for summary judgment, Dkt. No. 156. Among other relief, MTA Plaintiffs requested a declaratory judgment that Defendants could not terminate the VPPP Agreement without the approval of the TBTA, NYSDOT, and NYCDOT (collectively, the "Sponsors"). Dkt. No. 152 at 32. Defendants vigorously and broadly opposed the motion for partial summary judgment; Defendants' only objection to the form of the requested declaratory judgment was that it would deprive Defendants of the ability to terminate the VPPP Agreement even if the Sponsors breached a material term. Dkt. No. 171 at 49. In its March 3, 2026 Opinion and Order, this Court held that the Secretary's "actions were arbitrary and capricious, an abuse of discretion, and not in accordance with law." *Duffy*, 2026 WL 588117, at *65. "Accordingly, his actions purporting to terminate that agreement, including the February 19 Letter and the April 21 Letter, [were] vacated." *Id*. The Court separately ordered declaratory relief. It agreed with Defendants that the declaratory relief sought by MTA Plaintiffs "swe[pt] too far" by prohibiting Defendants from terminating the VPPP Agreement even if MTA Plaintiffs violated its material terms. *Id.* at *67. The Court thus entered a declaratory judgment, unobjected to by the Secretary, that read:

> the Secretary is permitted to terminate the VPPP Agreement only pursuant to the terms expressly stated therein, that the Defendants' termination of the VPPP Agreement was unlawful, and that any attempt to enforce the February 19 Letter or April 21 Letter would be unlawful. Defendants may not terminate the VPPP Agreement under 2 C.F.R. § 200.340(a)(4), the incorporation of that provision through the *Christian* doctrine, under the Secretary's powers contained within the VPPP itself, or the exercise of the Secretary's powers under the unmistakability doctrine.

*Id.* at *68. The Court declined to enter a permanent injunction, reasoning that it is a "drastic and extraordinary remedy" not yet warranted considering the lack of evidence that the Secretary would not abide by the Court's orders. *Id.* at *67 (quoting *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 165 (2010)). The parties were informed that if a need for "further assistance [arose], the Court is open to provide further necessary or proper relief" pursuant to 28 U.S.C. § 2202. *Id.* at *68 (citation modified).

In the United States District Court for the District of New Jersey, three private plaintiffs initiated the *Dunne* lawsuit by a complaint filed in December 2025. Dkt. No. 211 at 2. On August 14, 2026, Michael Bruns, an attorney with the Federal Programs Branch of the Department of Justice, entered an appearance in that lawsuit on behalf of the United States. *Dunne*, No. 25-cv-18105 (D.N.J. Aug. 14, 2026), Dkt. No. 63. That same day, the Department of Justice filed a "Statement of Interest of the United States Under 28 U.S.C. § 517." *Dunne*, No. 25-cv-18105 (D.N.J. Aug. 14, 2026), Dkt. No. 64. For the *Dunne* court's consideration, the Department of Justice's Statement raises two "legal positions [that] are [admittedly] contrary to positions previously taken by [the United States Department of Transportation]": (1) that the VPPP Statute authorizes tolls only on the "Interstate System," not on the federal-aid highways that are part of New York's tolling program; and (2) that the VPPP Statute only permits the Secretary to authorize tolling for a value-pricing project that receives federal funding, not the standalone tolling authority that the United States Department of Transportation gave New York. *See* Dkt. No. 200-1 at 2 (copy of Statement of Interest filed in *Dunne*).

MTA Plaintiffs argue before this Court that Defendants violated the declaratory judgment by filing the Statement of Interest and that the Court should convert its declaratory judgment into a permanent injunction. Dkt. No. 210 at 2, 6–11. MTA Plaintiffs also ask the Court to order

limited discovery into whether Defendants violated the preliminary injunction and declaratory judgment by coordinating with or controlling the plaintiffs in the *Dunne* litigation. *Id.* at 11–15.

After issuing a declaratory judgment, the Court is authorized to grant "[f]urther necessary or proper relief based on [the] declaratory judgment . . . after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment." 28 U.S.C § 2202. Under Section 2202, "plaintiffs who have won a declaratory judgment from the court [may] enforce that judgment though [an] injunction." *Starter Corp. v. Converse, Inc.*, 170 F.3d 286, 298 (2d Cir. 1999); *Anatol Zukerman & Charles Krause Reporting, LLC v. U.S. Postal Serv.*, 64 F.4th 1354, 1366 (D.C. Cir. 2023) ("A declaratory judgment may serve as the basis for issuance of a later injunction to give effect to the declaratory judgment . . . ."); *AlSayer v. OmniX Labs, Inc.*, 2026 WL 833166, at *2 (S.D.N.Y. Mar. 26, 2026), *appeal withdrawn*, 2026 WL 2048964 (2d Cir. June 11, 2026). The Court has "ample residual power" to act when a party subject to a declaratory judgment takes action or threatens to take action that would violate the declaratory judgment. *Vermont Structural Slate Co. v. Tatko Bros. Slate Co.*, 253 F.2d 29, 29–30 (2d Cir. 1958). "The necessary determination is that there exists some cognizable danger of recurrent violation, something more than the mere possibility which serves to keep the case alive." *Ladd v. Thomas*, 14 F. Supp. 2d 222, 224 (D. Conn. 1998) (quoting *United States v. W.T. Grant Co.*, 345 U.S. 629, 633 (1953)); *accord Farmland Dairies v. McGuire*, 789 F. Supp. 1243, 1254 (S.D.N.Y. 1992) (declining to grant injunction where plaintiff made no showing that defendant would violate declaratory judgment).[1]

[1] The Court retains jurisdiction to enforce its declaratory judgment through an injunction notwithstanding the filing of Defendants' Notice of Appeal. *See AlSayer v. OmniX Labs, Inc.*, 2025 WL 3496276, at *2 (S.D.N.Y. Dec. 5, 2025).

MTA Plaintiffs have made no showing that Defendants will violate the declaratory judgment. Defendants are not parties to the *Dunne* litigation, have not sought relief from the court in that action, and have no appellate rights in that litigation. As Defendants emphasize, all that they have done is to file a Statement of Interest reflecting the current views of the Executive Branch. Dkt. No. 211 at 4. The Statement "is a legal brief that fixes no legal rights." *Id.* at 9. It does not reflect a threat by Defendants to take action on the grounds set forth in it. It is up to the *Dunne* court to determine what weight, if any, to give to the Statement.[2] At this point, before that court has even ruled, MTA Plaintiffs have not shown any risk that Defendants will violate the Court's declaratory judgment.

MTA Plaintiffs also have not shown any entitlement to discovery. A district court has "ample authority to issue all orders necessary for the enforcement" of its orders, including by granting discovery even before the "formal initiation of contempt proceedings." *State of N.Y. v. Shore Realty Corp.*, 763 F.2d 49, 53 (2d Cir. 1985) (citing 28 U.S.C. § 1651); *see also Shillitani v. United States*, 384 U.S. 364, 370 (1966) (discussing that a court has "inherent power to enforce compliance with [its] lawful orders through civil contempt"). It is within the Court's discretion whether to permit such discovery. Here, the preliminary injunction lapsed when the Court entered final judgment. *See, e.g.*, *Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 192 (2d Cir. 1999) (Sotomayor, J.). Thus, the Court lacks authority to enter coercive civil contempt sanctions. And, even assuming some level of coordination between the *Dunne* plaintiffs and

[2] The Statement of Interest does not address a threshold issue in the *Dunne* litigation—whether the plaintiffs have any private right of action to enforce the relevant federal statutes. *See* Mem. of Law in Support of MTA & TBTA's Mot. to Dismiss, *Dunne*, No. 25-cv-18105 (D.N.J. May 20, 2026), Dkt. No. 50-1.

Defendants, MTA Plaintiffs have not shown that the filing of the Statement of Interest violated the declaratory judgment.

Accordingly, MTA Plaintiffs' motion for a permanent injunction and for limited discovery is DENIED. The Clerk of Court is respectfully directed to close Dkt. No. 210.

SO ORDERED.

Dated: October 15, 2026
New York, New York

LEWIS J. LIMAN
United States District Judge